RIMM, J.T.C.
In this state tax matter, plaintiffs attack a judgment of the Tax Court entered on December 7, 1987, claiming that the filing of certificates of debt (CODs) give them a new right to have the underlying tax liability reviewed.
A number of issues relating to various taxes were brought before the court by the complaint, but all the disputes between the parties have been resolved except the claim of plaintiff, C.J. Kowasaki, Inc., hereafter the “corporation,” relating to a portion of the December 1987 judgment.[1] The latter issue is now before the court on a stipulation of facts and the testimony of Robert Cummins, one of the principals of the corporation.
In order to understand the remaining issue before the court, it is necessary to review the history of the earlier litigation which resulted in the 1987 judgment. The Director made an assessment against the corporation for unpaid sales taxes for the tax years 1981 through 1985. N.J.S.A 54:32B-1 et seq.; N.J.S.A 54:32B-19. Following the making of the assessment, the corporation filed a timely complaint in the Tax Court seeking a review of the assessment in the matter of C.J. Kowasaki, Inc. v. Director, Division of Taxation, Docket No. 04-27-1461-86ST. During the pendency of that litigation, the parties advised the Court on May 8, 1987 that the case had been settled by an agreement that the original assessment was reduced to $27,273.60, plus interest at 9% to the date of payment. Penalties were waived. Judgment, however, was not to be entered in order to give the taxpayer an opportunity to submit sales tax exemption certificates, form ST-10, for the purpose of seeking a further reduction in the assessment. The certificates were to be submitted within 90 days of May 8, 1987. The forms were not submitted, and the matter was set down for trial. No one appeared on behalf of the taxpayer, and a judgment was entered on December 7, 1987, providing as follows:
*163 IT IS HEREBY ORDERED that the deficiency assessment in this matter shall be $27,273.60 plus interest at the rate of 9% per annum to August 8, 1987 and thereafter interest and penalty shall be assessed at the statutory rate.
In or about March 1988, the corporation submitted the ST-10 forms reflecting exempt sales totaling $120,897.60. Calculations were made by the Director indicating exempt sales in the amount of $106,492.30 with sales tax thereon equal to $6,389.54. Although the calculations were made, the Director refused to reduce the judgment entered on December 7, 1987. It is not disputed that the corporation did not collect these sales taxes. The Director thereafter issued CODs against all three plaintiffs in the present litigation. The amount indicated in each COD included the outstanding balance of the December 7, 1987 Tax Court judgment. The complaint in the present case was filed within 90 days of the issuance of the CODs. After filing the complaint, plaintiffs paid all taxes claimed, and the Director filed a warrant for satisfaction of judgment for each of the judgments entered upon the issuance of the CODs. Plaintiffs, however, continued the litigation claiming that the corporation was entitled to a refund in the amount of $6,389.54, plus interest and penalties. The total claim is for the amount of $14,452.18, including interest to March 21, 1991 as calculated by the Director. No penalties were charged on the amount of taxes in dispute.
Plaintiffs claim that, upon delivery of the ST-10 forms in or about March 1988, a representative of the Director indicated to Robert Cummins “that he would start a procedure for a ‘downward revision’ of the tax.” In addition, plaintiffs rely on a letter dated March 15, 1988 to the corporation’s then attorney in which the Chief, Special Procedures, wrote that the Director had no objection to the transfer of certain real estate in the name of the individual plaintiffs in this litigation, and others, upon the payment of a certain sum of money and also on the following condition:
An additional $13,200 is placed in escrow to provide for payment of tax liabilities which are still subject to a possible downward revision.[2]
*164 Based on these facts, plaintiffs argue that the filing of the CODs now gives the Tax Court jurisdiction to reduce the taxes resulting in the default judgment, because the corporation filed ST-10 forms with the Director. Plaintiffs contend that the filing of a COD is the institution of a new action by the Director in the Superior Court. This new action, plaintiffs argue, is subject to review by the Tax Court pursuant to N.J.S.A 54:51A-13 and precludes the Director from asserting that the present case is barred by the doctrine of res judicata. N.J.S.A. 54:51A-13 provides as follows:
Except with respect to review of equalization tables, all complaints seeking review of actions of the Director of the Division of Taxation or any other State agency or officer with respect to any tax matter or of a county recording officer with respect to the realty transfer tax or any appeal with respect to property tax of railroads shall be prosecuted in accordance with the provisions of article 2 of this chapter.[3]
Plaintiffs argue in their post trial brief,
[t]he Certificate of Debt opened this issue. The Certificate of Debt could do no good to the Division of Taxation; they already had a judgment. Filing another judgment is simply re-opening the matter.
Of the many cases dealing with CODs, not one supports plaintiffs’ position. In Gould v. Taxation, Div. Dir., 2 N.J.Tax 316 (Tax 1981), plaintiff sought cancellation of a COD filed in the Superior Court pursuant to N.J.S.A. 54:49-12. The complaint was dismissed on the merits of the underlying tax, and no issues of timeliness or of procedure were raised. See also Foosaner v. Director, Div. of Taxation, 58 N.J. 57, 275 A.2d 129 (1971) (Unincorporated Business Tax Act, N.J.S.A 54:11B-1, under which Director filed COD, held applicable to lawyers.); N.Y., Susquehanna & W.R.R. v. Vermeulen, 44 N.J. 491, 210 A.2d 214 (1965) (Railroad Tax Law, N.J.S.A 54:29A-1, under which COD was issued, declared unconstitutional.); Vasquez v. Horn, 181 *165 N.J.Super. 529, 438 A.2d 570 (App.Div.1981) (Regulation permitting filing of CODs in the event of overpayment of unemployment benefits held valid.); Falcone v. Taxation Div. Director, 12 N.J.Tax 75 (Tax 1991) (COD held valid; no issue of timeliness of attack on underlying tax liability raised.); Bernards Tp. v. Taxation Div. Director, 7 N.J.Tax 99 (Tax 1984) (No issues of timeliness or procedure relating to the filing of two CODs were raised, and the municipality was adjudged liable for taxes imposed on the owners and operators of sanitary landfills based on the provisions of the Clean Communities and Recycling Act, N.J.S.A 13:1E-92 et seq., and the Sanitary Landfill Facility Closure and Contingency Fund Act, N.J.S.A 13:1E-100 et seq.); Raybestos-Manhattan, Inc. v. Glaser, 144 N.J.Super. 152, 365 A.2d 1 (Ch.Div.1976) (Statute under which Director, Division of Taxation filed CODs declared unconstitutional.); Michalski v. United States of America, 49 N.J.Super. 104, 139 A.2d 324 (Ch.Div.1958) (Constructive notice vitiated lien effect of CODs entered by Division of Employment Security); National Surety Corp. v. Barth, 20 N.J.Super. 100, 89 A.2d 104 (Ch.Div.1952), aff'd, 11 N.J. 506, 95 A.2d 145 (1953) (CODs filed under the Unemployment Compensation Act have the force of judgments under N.J.S.A. 43:21-14(e), but the liens of the judgments are subject to the equities of certain parties in the subject trust fund, the Supreme Court previously having decided plaintiff had standing, National Surety Corp. v. Barth, 8 N.J. 121, 84 A.2d 1 (1951)).
CODs were also dealt with in two companion cases, but again the timeliness of the attack on the underlying assessment was not in issue. Clients’ Sec. Fund Tr. v. Miller, 243 N.J.Super. 75, 578 A.2d 887 (Ch.Div.1989) (COD was given lien effect although filed in violation of court order.) and Clients’ Sec. Fund Tr. v. Yucht, 243 N.J.Super. 97, 578 A.2d 900 (Ch.Div.1989) (No COD actually filed.).
The statutory scheme relating to the imposition of state tax liability differentiates between tax liability and collection of taxes. The State Tax Uniform Procedure Law, N.J.S.A 54:48-1 through *166 53-15[4] prescribes the method of imposing assessments and collecting them. The purpose of the act is set forth in N.J.S.A 54:48-3 which provides:
The purpose of this subtitle is to provide as far as feasible a uniform procedure to be followed by taxpayers in relation to any state taxes and to afford uniform remedies and procedures which may be resorted to by the state in the collection of any of its taxes.
N.J.S.A 54:49-1 makes all taxes, interest and penalties imposed by any State tax law a personal debt of the taxpayer and a lien on the taxpayer’s property, “except as against an innocent purchaser for value in the usual course of business and without notice thereof____”
N.J.S.A 54:49-5, -6 and -7 give the Director, Division of Taxation, authority to make assessments. The first section provides for estimating the tax liability of a taxpayer who fails to file any report required by the tax laws. Notice of such an arbitrary assessment is then given to the taxpayer and demand for payment is made. N.J.S.A 54:49-5. The second section provides for a deficiency assessment after a report is filed under the provisions of the tax laws if, after audit and investigation, it is determined that there is a deficiency in any payment. Notice of such a deficiency assessment is then given to the taxpayer and demand for payment is made. N.J.S.A 54:49-6. The third section provides for an arbitrary assessment if the Director finds that a taxpayer intends to abscond. The assessment is made in accordance with N.J.S.A 54:49-5, and the Director may proceed to collect the tax or compel security for the tax. Notice of the assessment is then given to the taxpayer and demand for a report and payment is made. N.J.S.A 54:49-7.
With specific reference to the present case, the Sales and Use Tax Act, N.J.S.A 54:32B-1, et seq., contains the same basic tax imposition and collection provisions. N.J.S.A 54:32B-19 allows the Director to impose assessments in a manner similar to *167 N.J.S.A 54:49-5 and -6. Review of a decision by the Director is had in accordance with the provisions of the State Tax Uniform Procedure Law, N.J.SA 54:48-1 et seq. The procedure is described by N.J.S.A 54:32B-21 which provides as follows:
(a) Appeal to tax court. Any aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, E.S. 54:48-1 et seq.
(b) Appeal exclusive remedy of taxpayer. The appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the director in respect of the determination of the liability of the taxpayer for the taxes imposed by this act.
Upon the making of an assessment by the Director, the tax shall be paid within 15 days after notice and assessment. N.J.S.A. 54:49-8. Non-payment within the 15-day period will result in the imposition of an additional penalty of 5%. N.J.S.A 54:49-9. Under appropriate circumstances, the Director may waive penalties and part of the interest due. N.J.S.A 54:49-11. See also N.J.S.A 54:32B-26.
The Director, however, is not limited to demand, imposition of penalties and waiver of penalties and interest as the only tools for effectuating collection of taxes due. The Director may issue a COD in accordance with N.J.S.A 54:49-12 which provides as follows:
As an additional remedy, the Director of the Division of Taxation may issue a certificate to the Clerk of the Superior Court that any person is indebted under such State tax law in such an amount as shall be stated in the certificate. The certificate shall contain a short name of the tax under which the said indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon his record of docketed judgments the name of such person, and of the State, the address of the place of business where such tax liability was incurred, if shown in the certificate, the amount of the debt so certified, a short name of the tax, and the date of making such entries. The making of the entries shall have the same force and effect as the entry of a docketed judgment in the office of such clerk, and the director shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to the taxpayer’s right of appeal.
The issuance of such certificate is, of course, as the statute plainly says, “an additional remedy.” It provides the Director, Division of Taxation, with a method for obtaining a state-wide lien on a *168 delinquent taxpayer’s property. Once a determination of tax liability was made by the Director, there was no device for encumbering the taxpayer’s property with a lien in favor of the State so as to preclude the transfer or mortgaging of the taxpayer’s property to a purchaser or lender for value in the usual course of business without notice in any manner that made sense in the marketplace. See N.J.S.A. 54:49-1 for the nature of the lien.
There are no time constraints in the statute providing for the filing of a COD. The Director may file a COD at any time after a tax liability determination has been made, and such filing creates no additional rights nor any additional liabilities. The statute specifically provides that the filing of a COD and the-Director’s taking action to effect collection under the COD is “without prejudice to the taxpayer’s right of appeal.” N.J.S.A 54:49-12.
There is yet another remedy available to the Director to enforce collection of taxes. N.J.S.A. 54:49-13a provides for the issuance of a warrant by the Director to the sheriff of any county commanding him to sell the property of a delinquent taxpayer. The sheriff shall also file the warrant with the county clerk who shall enter in the judgment docket the name of the taxpayer mentioned in the warrant. The amount in the warrant then becomes a lien on the real and personal property of the person against whom the warrant is issued. The Director may also issue such a warrant to any employee of the Division of Taxation who shall execute the warrant with all the powers of a sheriff. This remedy is also available to the Director under N.J.S.A 54:32B-22(b).
The nature of a taxpayer’s right of appeal in a state tax matter must therefore be carefully considered. N.J.S.A 54:51A-13 through -20 deal with appeals to the Tax Court in state tax cases. This appeal process is the exclusive remedy available to a taxpayer for review of an action of the Director. N.J.S.A 54.-51A-16; N.J.S.A 54:32B-21(b). All taxpayer’s complaints must be filed within 90 days of the action sought to be reviewed. N.J.S.A 54:51A-14a.
*169 A comprehensive review of the time limitations imposed by these statutes was made by Judge Andrew in Franklin Tp. v. Environmental Protection Dept., 7 N.J.Tax 224 (Tax 1984):
A broad interpretation of these provisions would also be in accordance with the general policy of requiring strict adherence to statutes establishing filing deadlines as a jurisdictional prerequisite to having tax matters heard, Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct.1979); Prospect Hill Apts. v Flemington, 172 N.J.Super. 245, 1 N.J. Tax 224, 411 A.2d 737 (Tax Ct.1979), and subjecting tax determinations to review in a mandatory manner in strict conformity with statutory time limitations. Clairol v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.1970), aff'd o.b. 57 N.J. 199, 270 A.2d 702 (1970), appeal dism. 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971); Hackensack Water Co. v. Div of Tax Appeals, 2 N.J. 157, 164, 65 A.2d 828 (1949); Danis v. Middlesex Co. Bd. of Tax., 113 N.J.Super. 6, 10, 272 A.2d 542 (App.Div.1971). The underlying purpose of this policy is to provide a point at which decisions become final and litigation comes to an end, In re Pfizer, 6 N.J. 233, 239, 78 A.2d 80 (1951); Leake v. Bullock, 104 N.J.Super. 309, 313, 250 A.2d 27 (App.Div.1969), because finality with regard to tax matters is particularly important due to the State’s dependence upon taxation to carry on the affairs of government and the need to predict the revenues so necessary to its proper functioning. If time limitations imposed on the right of challenge in governmental fiscal matters were subject to extensions and exceptions the amount of revenue available to the State could not be conclusively established. Common limitation periods insure predictability of revenues. [Id. at 230-231.]
The taxpayer argues, to the contrary, that R. 8.2(a) provides,
The Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment including the promulgation of any rule or regulation of a County Board of Taxation, the Director of the Division of Taxation____
Taxpayer emphasizes “judgment” and argues that by filing a COD the Director “has caused a new matter to be filed with the Superior Court granting jurisdiction in the Tax Court of New Jersey.”
Plaintiffs completely misconstrue the nature and purpose of a COD. It is a device for collecting taxes, not an independent determination of tax liability. It has no meaning except as it relates to an already ascertained tax liability. Its purpose is to give the Director a tool for imposing a lien on a delinquent taxpayer’s property. It is not the basis for a dispute as to tax liability.
While it is true that R. 8:2(a) defines the review jurisdiction of the Tax Court, that is all it does. It does not fix time limitations. *170 Such time limitations are fixed by statutes which constitute statutes of limitations, serving the same purpose as any statute of limitation, that is to give repose to the State. The limitation of 90 days in the statute, N.J.S.A 54:51A-14a, is repeated in R. 8:4-1 (b) which provides that “[c]omplaints seeking to review actions of the Director of the Division of Taxation ... with respect to a tax matter ... shall be filed within 90 days after the date of the action to be reviewed.” The time of the making of an assessment, not the time of the filing of a COD, fixes the time for challenging the underlying tax liability.
In the présent case, the action sought to be reviewed by plaintiff is the making of the assessment in 1985. Clearly, the complaint in the present case was filed beyond the 90-day period.
Dealing with plaintiff’s argument on the word “judgment” in R. 8:2(a), the Director takes actions and makés rulings, decisions and assessments “with respect to tax matter[s].” The Director does not enter judgments, and the word in the rule refers to a county board of taxation which has the jurisdiction to enter judgments. N.J.S.A 54:3-26. Judgments based on actions, determinations or assessments of the Director are entered by the Tax Court.
In the present case, a judgment was entered by the Tax Court on December 7,1987 specifically dealing with the very issue which plaintiffs now seek to litigate again. The corporation’s recourse was to have contested the judgment in the prior action under R. 4:50-1 or to have filed an appeal. Plaintiff is now barred by the doctrine of res judicata. The filing of a COD does not relieve plaintiffs of the imposition of that doctrine. Simply put, the filing of a COD does not extend the time within which a taxpayer may challenge an assessment made by the Director.
The rules of court are to the same effect. R. 8:3-5 (b)(2) reads as follows:
A complaint by taxpayer seeking review of a Certificate of Debt shall have attached thereto, where available, copies of the Certificate of Debt and the underlying tax assessment. The complaint shall state whether the issuance of the Certificate of Debt or the underlying tax assessment is being challenged. A challenge to the tax assessment may be reviewed only if the applicable period for filing a complaint to challenge this assessment had not previously expired.
[Emphasis added.]
*171 Therefore, if the applicable period for challenging the underlying assessment has expired, the taxpayer may attack a COD in the Tax Court only on procedural grounds, because, for example, the amount in the COD differs from the amount in the underlying assessment or because the wrong party is named in the COD. Such problems might be corrected administratively, but if there is a genuine dispute, the COD can be reviewed in the Tax Court under the applicable rule.
This very case presents an example of such procedural grounds. The Director filed three CODs, one against the corporation and one each against the principals of the corporation as responsible officers. Of the latter, one was filed against Robert Cummins and one was filed against Grace Cummias. Ultimately, the Director filed an amended COD correcting the name in the latter COD to Grace Cummins. Assuming, hypothetically, that the Director refused to file an amended COD, believing that there was a Grace Cummias involved when in fact there was not, Grace Cummias could file a complaint in the Tax Court to challenge the COD and to have the docketed judgment vacated as to her upon proof that she, Grace Cummias, was never involved with the corporation. A challenge to the COD would be brought by filing a complaint in the Tax Court within 90 days of the action of the Director in filing the COD with the Superior Court.
If the time of filing such a complaint is more than 90 days after the making of the assessment on the basis of which the COD was issued, that underlying assessment cannot be reviewed by the Tax Court. Similarly, the filing of a COD cannot shorten the time within which the underlying assessment can be challenged. The filing of a COD is “without prejudice to the taxpayer’s right of appeal.” N.J.S.A 54:49-12. Under the statute, the filing of a COD is a mere remedial action on the part of the Director and is not conclusive of the rights of the parties; and the taxpayer still retains his right of appeal from the underlying assessment within the statutory time limit. Cf. Sendar v. State, DHS, 230 N.J.Super. 537, 553 A.2d 1372 (App.Div.1989) (No execution may issue on a COD entered under the New Jersey Medical Assistance and *172 Health Services Act, N.J.S.A. 30:4D-17(h), until there has been a determination of the underlying liability to which the COD refers.). Therefore, the filing of a COD cannot deprive a taxpayer of the right of review of his underlying tax liability. He retains that right under the applicable statutory provisions until the time for review expires. Similarly, the filing of a COD does not extend the time for review of the underlying tax liability beyond the statutory time fixed for review of such tax liability.
The complaint is dismissed. Judgment will be entered accordingly.

 Plaintiff Corporation sells Kawasaki motorcycles, but its corporate name is C.J. Kowasaki, Inc.

 By the time of this letter, the corporation was indebted to the State for yet other taxes in addition to the balance on the December 7, 1987 judgment. The CODs filed were against the corporation and the individual plaintiffs as responsi *164 ble officers. Since all taxes claimed were paid after the filing of the complaint in this matter, the matter continued with the corporate plaintiff as the only remaining real party in interest.

 There is a footnote to the statute indicating that the provisions referred to are N.J.S.A. 54:51A-13 to 54:51A-20.

 N.J.S.A. 54:53-16 deals with the tax amnesty program and supplements the uniform procedures. It is not applicable to the present case. It should also be noted that none of the provisions of the Taxpayer's Bill of Rights, L. 1992, c. 175, impact on the result in this case.