DeALMEIDA, P.J.T.C.
The issue before the court is whether R. 4:50-1 vests this court with jurisdiction to vacate a Certificate of Debt issued against a taxpayer by the Director, Division of Taxation pursuant to N.J.S.A. 54:49-12. For the reasons stated more fully below, the court concludes that a taxpayer may not use R. 4:50-1 as a vehicle for challenging the validity of a Certifícate of Debt issued by the Director. Plaintiffs complaint, therefoi’e, is dismissed for lack of jurisdiction.
I. Findings of Fact and Procedural History
The material facts are not in dispute. Plaintiff Millwork Installation, t/a Midwest Installation, is an Illinois corporation with a principal place of business in Evergreen Park, Illinois. In 2003, plaintiff installed finished carpentry and millwork at the Borgata hotel casino in Atlantic City and at the Short Hills Mall in Short *456 Hills. Plaintiff billed $215,259 for the work at the hotel casino and $17,288.95 for the work at the mall. In neither instance did plaintiff collect sales tax for its services. Nor did plaintiff file corporation business tax returns for 2003.
On March 11, 2005, a representative of the Division of Taxation sent plaintiff a nexus survey posing several questions regarding the company’s contacts with New Jersey. No response was forthcoming. A follow up survey was sent to plaintiff on June 24, 2005. Plaintiff responded to that inquiry.
On October 18, 2005, a representative of the Director sent plaintiff a proposed determination that plaintiff was doing business in this State within the meaning of the Corporation Business Tax Act by virtue of plaintiffs having performed services in the State. The proposed determination demanded that plaintiff file corporation business tax returns for tax years 2003 and 2004 and sales and use tax returns for all periods commencing January 1, 2003. The proposed determination did not contain an assessment of either tax because plaintiff had yet to file returns for the relevant periods.
Having received no response to the October 18, 2005, proposed determination, a representative of the Director on February 21, 2006, sent to plaintiff a Formal Notice of its obligation to file both corporation business tax and sales and use tax returns for all periods commencing January 1, 2003. No assessment of either tax was contained in the February 21, 2006, Formal Notice because plaintiff had yet to file returns for the relevant periods.
The February 21, 2006, Formal Notice included an explanation of plaintiffs appeal rights, including plaintiffs right to request an administrative hearing at the Division of Taxation and its right to file an appeal with this court. The Formal Notice stated that if no protest was filed within the prescribed time period, collection proceedings would be initiated. This notice was mailed to plaintiff two more times, on March 17, 2006 and April 25, 2006, because of a change in address. Plaintiff did not file either an administrative or judicial appeal.
*457 On July 13, 2006, the Division issued a Notice of Assessment and Demand for Payment indicating that plaintiff had been assessed $17,985 in corporation business tax and $71,940 in sales and use tax for the period 2003 through 2005. In light of the fact that plaintiff did not respond to the prior notices, the assessments were based on estimates by a Division employee. The July 13, 2006, Notice and Demand informed plaintiff of its right to request an administrative appeal or to file an action with this court. A return receipt card confirms delivery of this Notice and Demand to plaintiff, a fact acknowledged in the Complaint.
On January 16, 2007, plaintiff was advised by the Division that no response had been received from plaintiff to the July 13, 2006 Notice and Demand, that the period in which to file an administrative or judicial appeal had expired, and that the matter had been forwarded to the Division’s Judgment Section for final disposition.
On June 22, 2007, the Division issued a second Notice and Demand for Payment of Tax to plaintiff. The Notice and Demand assessed $17,985 in corporation business tax and $71,940 in sales and use tax against plaintiff. The Notice and Demand plainly stated that a failure to pay the taxes within 30 days would result in the entry of a Certificate of Debt against plaintiff.
Plaintiff did not respond to the June 22, 2007, Notice and Demand. As a result, on August 16, 2007, the Director issued a Certificate of Debt against plaintiff pursuant to N.J.S.A. 54:49-12 assessing $17,985 in corporation business tax and $71,940 in sales and use tax against plaintiff. The Clerk of the Superior Court entered the information contained in the Certificate of Debt in the Clerk’s record of docketed judgments.
On April 15, 2009, a Deputy Attorney General wrote to plaintiff demanding payment on the Certificate of Debt. On June 19, 2009, plaintiff paid its outstanding corporation business tax liability. The sales and use tax assessment, plus interest, memorialized in the August 16, 2007, Certificate of Debt remains outstanding.
On July 24, 2009, a little more than two years after issuance of the Certificate of Debt, plaintiff filed an Order to Show Cause in the Superior Court, Law Division, seeking pursuant to R. 4:50-1 *458 to vacate the Certificate of Debt as it relates to the sales and use tax assessment. The Hon. Thomas W. Sumners, J.S.C., denied the motion after concluding that the Certificate of Debt does not constitute a judgment for purposes of R. 4:50-1. Judge Sumners indicated that his order did not preclude the Tax Court from resolving plaintiffs claims should an action be brought in this court.
On October 14, 2009, plaintiff filed a Complaint in this court seeking pursuant to R. 4:50-1 an Order vacating the Certificate of Debt as it relates to the sales and use tax assessment. Plaintiff contends that “although ultimately in error in not retaining counsel at an earlier stage,” it was in frequent contact with representatives of the Division during the relevant periods and was under the impression that its tax liabilities would be resolved through negotiations. In addition, plaintiff contends that the work that it performed in New Jersey was not subject to sales tax because it constituted a capital improvement to real property. See N.J.S.A. 54:32B-3(b)(4).
On February 25, 2010, plaintiff filed a motion to vacate the Certificate of Debt as it relates to the sales and use tax assessment. The Director cross-moved for dismissal of the Complaint for lack of jurisdiction.
II. Conclusions of Law
As our Supreme Court recently reiterated, the “Tax Court is vested with limited jurisdiction” defined by statute. McMahon v. City of Newark, 195 N.J. 526, 546, 951 A.2d 185 (2008). The statutory scheme establishing this court's jurisdiction is “one with which continuing strict and unerring compliance must be observed____” Id. at 543, 951 A.2d 185. This court’s jurisdiction to review assessments by the Director regarding a State tax is clearly defined: “[A]ll complaints shall be filed within 90 days after the date of the action sought to be reviewed.” N.J.S.A. 54:51A-14. The 90-day period is also stated in R. 8:4-l(b), which provides that “Complaints seeking to review actions of the Director of the Division of Taxation ... with respect to a tax matter ... shall be filed within 90 days after the date of the action to be *459 reviewed.” Careful compliance with these rules is necessary to establish jurisdiction in this court. “Failure to file a timely appeal is a fatal jurisdictional defect.” F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 425, 495 A.2d 1813 (1985). A Complaint that is even one day late must be dismissed for lack of jurisdiction. Mayfair Holding Corp. v. Township of North Bergen, 4 N.J.Tax 38 (Tax 1982); Prospect Hill Apartments v. Borough of Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax 1979).
Adherence to statutory filing deadlines is of particular concern in tax matters, given “the exigencies of taxation and the administration of ... government.” F.M.C. Stores, supra, 100 N.J. at 424, 495 A.2d 1313 (citing Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961)); see also Bonanno v. Director, Div. of Taxation, 12 N.J. Tax 552, 556 (Tax 1992). A failure to file a timely Complaint divests this court of jurisdiction even in the absence of harm to the taxing authority. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J.Tax 285 (App.Div.1994). Once the filing deadline has passed, the Director is entitled to assume that his determination is final and no longer subject to review. Commercial Refrigeration & Fixture Co. v. Director, Div. of Taxation, 184 N.J.Super. 387, 2 N.J.Tax 415, 419, 446 A.2d 210 (Tax 1981). These rules allow for the effective administration of the State’s finances by removing doubt as to the validity of fixed and final tax assessments.
Here, the Director’s assessment of sales and use tax against plaintiff became final 90 days after the July 13, 2006, Notice of Assessment and Demand for Payment. N.J.S.A. 54:51A-14. Plaintiff did not file either an administrative appeal or an action in this court within the time for challenging the Director’s assessment of sales and use tax. Plaintiff did not initiate an action in this court until October 14, 2009, more than three years after issuance of the July 13, 2006, Notice and Demand. By that time, the period in which to invoke the court’s jurisdiction to review the Director’s assessment had long since expired.
*460 The Director’s issuance of a Certifícate of Debt did not create a new ninety-day appeal period for challenging the assessment of sales and use tax. The Director’s authority to issue a Certificate of Debt and have information from that Certificate of Debt entered in the record of docketed judgments by the Superior Court Clerk is established in N.J.S.A. 54:49-12. That statute states:
As an additional remedy, the Director of the Division of Taxation may issue a certificate to the Clerk of the Superior Court that any person is indebted under such State tax law in such an amount as shall be stated in the certificate. The certificate shall contain a short name of the tax under which the said indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon his record of docketed judgments the name of such person, and of the State, the address of the place of business where such tax liability was incurved, if shown in the certificate, the amount of the debt so certified, a short name of the tax, and the date of making such entries. The maldng of the entries shall have the same force and effect as the entry of a docketed judgment in the office of such clerk, and the director shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to the taxpayer’s right of appeal.
[N.J.S.A. 54:49-12.]
This court has long held that the filing of a Certificate of Debt does not initiate a new ninety-day period for filing a Complaint in this court. In C.J. Kowasaki, Inc. v. Director, Div. of Taxation, 13 N.J.Tax 160 (Tax 1993), the taxpayers filed a Complaint in this court challenging the assessment of sales and use tax reflected in a Certificate of Debt filed by the Director. The taxpayers contended that the issuance of the Certificate of Debt triggered a new ninety-day appeal period for initiating an action in this court to challenge the assessment reflected in the Certificate of Debt. Judge Rimm squarely rejected this argument: “[o]f the many eases dealing with [Certificates of Debt], not one supports plaintiffs’ position.” Id. at 164. “The statutory scheme relating to the imposition of state tax liability differentiates between tax liability and collection of taxes.” Id. at 165. The court explained that N.J.S.A. 54:32B-19 allows the Director to impose assessments of sales and use tax. N.J.S.A. 54:32B-21 defines the procedure for initiating judicial review of such an assessment. The statute provides:
*461 (a) Appeal to tax court. Any aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq.
(b) Appeal exclusive remedy of taxpayer. The appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the director in respect of the determination of the liability of the taxpayer for the taxes imposed by this act.
As noted above, the State Tax Uniform Procedure Law establishes a 90-day period for filing a Complaint in this court. N.J.S.A. 54:51A-14. This time limit is reflected in R. 8:4-l(b).
N.J.S.A. 54:49-12, on the other hand, provides “an additional remedy” to assist the Director in the collection of taxes due. As Judge Rimm succinctly held,
Plaintiffs completely misconstrue the nature and purpose of a [Certificate of Debt]. It is a device for collecting taxes, not an independent determination of tax liability. It has no meaning except as it relates to an already ascertained tax liability. Its purpose is to give the Director a tool for imposing a lien on a delinquent taxpayer’s property. It is not the basis for a dispute as to tax liability.
[Id. at 169.]
This understanding of the significance of a Certificate of Debt is reflected in R. 8:3-5(b)(2). That Rule provides that
A complaint by a taxpayer seeking review of a Certificate of Debt shall have attached thereto, where available, copies of the Certificate of Debt and the underlying tax assessment. The complaint shall state whether the issuance of the Certificate of Debt or the underlying tax assessment is being challenged. A challenge to the tax assessment may be reviewed only if the applicable period for filing a complaint to challenge this assessment had not previously expired.
[R. 8:3-5(b)(2).J
Thus, “if the applicable period for challenging the underlying assessment has expired, the taxpayer may attack a [Certificate of Debt] in the Tax Court only on procedural grounds, because, for example, the amount in the [Certificate of Debt] differs from the amount in the underlying assessment or because the wrong party is named in the [Certificate of Debt].” Kowasaki, supra, 13 N.J.Tax at 171.
Plaintiff argues that the holding in Kowasaki notwithstanding, R. 4:50-1, which provides an avenue for relief from a final judgment or order of a court in certain circumstances, allows this court to vacate a Certificate of Debt if a taxpayer files a Complaint *462 seeking such relief within a “reasonable time” of issuance of the Certificate of Debt. See R. 4:50-2.
Rule 4:50-1 provides:
On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party’s legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief for the operation of the judgment or order.
Motions under R. 4:50-1 “shall be made within a reasonable time, and for reasons (a), (b) and (c) of R. 4:50-1 not more than one year after the judgment, order of proceeding was entered or taken.” R. 4:50-2.
Plaintiffs argument misconstrues R. 4:50-1 and contradicts the statutes and court rales that strictly circumscribe this court’s jurisdiction. Our courts have consistently construed R. 4:50-1 to apply only to judgments entered by a New Jersey court. See Sonntag Reporting Serv., Ltd. v. Ciccarelli, 374 N.J.Super. 533, 538-39, 865 A.2d 747 (App.Div.2005). “This rule provides a mechanism for direct attack on a judgment or order entered by a court of this state.” Id. at 539, 865 A.2d 747 (quoting Hon. Sylvia B. Pressler, P.J.A.D., Current N.J. Court Rules, comment 1 on R. 4:50-1 (2005)). “R. 4:50 applies only to final judgments and orders adjudicating all claims as to all parties.” Lawler v. Isaac, 249 N.J.Super. 11, 16, 592 A.2d 1 (App.Div.1991). The rule is intended to provide relief from litigation errors “that a party could not have protected against” during the suit that resulted in the judgment sought to be vacated. DEG, LLC v. Township of Fairfield, 198 N.J. 242, 263, 966 A.2d 1036 (2009) (quotations omitted).
A Certificate of Debt issued by the Director is not a judgment entered by a court. It is a debt collection tool to enforce a fixed and final assessment of taxes by an Executive Branch official. Kowasaki, 13 N.J.Tax at 164-66; see also New *463 York, Susquehanna and Western R.R. v. Vermeulen, 44 N.J. 491, 210 A.2d 214 (1965). A Certificate of Debt is issued after a taxpayer’s liability has been determined in order to create a lien on the taxpayer’s property and thereby facilitate the Director’s collection of the debt. A judgment, on the other hand, is entered by a court with jurisdiction to resolve a dispute between parties with competing legal claims. Entry of the information on the Certificate of Debt in the record of docketed judgments of the Superior Court Clerk does not transform the Certificate of Debt into an adjudication of claims by a court. N.J.S.A. 54:49-12 provides that the “making of the entries” of information from the Certificate of Debt onto the docket of judgments has “the same force and effect as the entry of a docketed judgment in the office of [the] clerk.” The statute does not, however, declare that a Certificate of Debt is the same as a judgment issued by a court. In fact, the Director may issue a Certificate of Debt prior to the expiration of the time in which to file a Tax Court Complaint challenging the underlying assessment “without prejudice to the taxpayer’s right of appeal.” Kowasaki, supra,; N.J.S.A. 54:49-12. The statute contemplates, therefore, that a judicial judgment of the taxpayer’s claims may follow issuance of a Certificate of Debt and is something apart from the Certificate of Debt.
Although R. 4:50-1 applies to judgments issued by the Tax Court in matters in which the court’s jurisdiction is established through the timely filing of a Complaint, see Jackson Construction Co. v. Township of Ocean, 182 N.J.Super. 148, 3 N.J.Tax 296, 440 A.2d 88 (Tax 1981), the rule does not create jurisdiction in this court where a taxpayer failed to file a timely appeal of an assessment by the Director. As noted above, the jurisdiction of this court is defined by statute. A taxpayer who does not invoke this court’s jurisdiction as provided by the State Tax Uniform Procedure Law to challenge an assessment of the Director forfeits the right to judicial review of the validity of that assessment. R. 4:50-1 does not, long after the time for fling an appeal in this court has expired, provide a second bite at the apple by allowing an appeal of the Director’s assessment to be filed “within a reasonable time” after issuance of a Certificate of Debt.
*464 This conclusion is confirmed by R. 8:3 — 5(b)(2), which recognizes that a challenge to a Certificate of Debt in this court is limited to procedural matters, unless a Complaint is filed prior to expiration of the ninety-day period for challenging the underlying assessment. With respect to this court’s jurisdiction to review Certificates of Debt, R. 8:3-5(b)(2) is certainly more specific than R. 4:50-1, which has general application. In addition, R. 8:3 — 5(b)(2) is contained in Part VIII of the court rules which apply specifically to the Tax Court. Thus, even if the court were to view the two rules as conflicting, R. 8:3 — 5(b)(2) would control.
To hold otherwise would expand this court's jurisdiction beyond the limits established by the Legislature and Governor. Moreover, a holding allowing taxpayers to mount collateral challenges to a tax assessment “within a reasonable time” after issuance of a Certificate of Debt by the Director would undei’mine firmly established precedents regarding finality and certainty in tax collection. The Director could no longer be assured that his assessments were fixed and final after expiration of the statutory period for challenging those assessments, introducing an element of uncertainty to the State’s financial affairs. In addition, it makes little sense to have a rule of law making the Director’s assessment of tax fixed and final after expiration of the appeal period only to be reopened to attack once the Director takes steps to collect the tax assessed through issuance of a Certificate of Debt.
Because this court lacks jurisdiction to hear plaintiffs challenge to the Director’s assessment of sales and use tax, the court is not permitted to address the substantive claims raised by plaintiff regarding the taxability of its services and whether the Director should be estopped from collecting the tax because of representations made during the administrative review process. Plaintiffs opportunity to raise those claims expired along with the ninety-day period for challenging the Director’s assessment. Additionally, plaintiffs due process claims, if considered within this court’s jurisdiction to adjudicate, are soundly contradicted by the record. The Director has submitted numerous correspondence, receipt of which is acknowledge by the taxpayer, informing plaintiff of the Director’s intention to assess sales and use tax against *465 plaintiff and of the available avenues of administrative and judicial review available to challenge the assessment. Plaintiff clearly had notice and an opportunity to be heard prior to issuance of the Director’s assessment and Certificate of Debt.
The Clerk of the Tax Court will enter Judgment dismissing the Complaint for want of jurisdiction.