**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



| | | |
|---|---|---|
| **MALA SUNDAR**<br>**PRESIDING JUDGE** | | Richard J. Hughes Justice Complex<br>P.O. Box 975<br>Trenton, New Jersey 08625-0975<br>609 815-2922, Ext. 54630 Fax 609 376-3018 |

January 2, 2026

Tianle Li
Plaintiff, Self-Represented

Miles Eckardt
Deputy Attorney General
Attorney for Defendant

> Re: Tianle Li v. Director, Div. of Taxation
> Docket No. 010364-2025

Dear Ms. Li and DAG Eckardt:

This opinion decides plaintiff's motion for leave to file a complaint <u>nunc pro tunc</u>, challenging defendant's computation of plaintiff's New Jersey gross income tax for tax years 2020 and 2011 based on various alleged errors. She contends that this court should therefore vacate the certificate of debt and the ensuing warrant of execution docketed by defendant for tax year 2020, and have the levied amounts refunded to her.

Defendant opposed the motion, and cross-moved to dismiss the proposed complaint on grounds that this court lacks jurisdiction to decide the merits of the same.

The court agrees with defendant's opposition and denies plaintiff's motion for permission to file her complaint out of time.

**FACTS**

The following are the facts taken from the pleadings of both parties and the undisputed documents attached in support thereof.

On September 28, 2022, defendant, the Director, Division of Taxation ("Taxation") issued plaintiff a notice titled "Statement of Account *Underpayment*" concerning the gross income tax ("GIT") return she had filed on September 13, 2021, for tax year 2020. The notice listed her self-reported income (dividends of $1,679.88 and taxable distributions from a plan of $81,615.29), reduced the same by the claimed personal exemptions ($4,000), and computed the GIT as $2,924.84. Since no portion of this tax was paid (whether at the time the return was filed, or prior thereto via withholdings[1]), Taxation asked plaintiff to pay this amount with interest and penalties for a total of $3,838.99. It also advised plaintiff that if she disagreed with the notice, she could upload supporting documentation (at the provided website address). The Statement of Account was sent to plaintiff at 15 Judge Thompson Road, Somerville, New Jersey.

---

[1] Per the information return (Form 1099-R), showing a total taxable distribution of $81,615.29, an amount of $16,323.06 was withheld for federal income tax. No amounts were withheld for GIT.

2

Not having received any payment, Taxation proceeded to file a Certificate of Debt ("COD") on May 9, 2024, in the Superior Court of New Jersey (numbered 51,768-24) in the amount of $4,702.57 (tax, interest, and penalties). To effectuate collection of the debt, now formalized as a docketed judgment, Taxation filed a Warrant of Execution, ("WOE") on October 28, 2024, in the amount of $5,387.60 authorizing a levy against plaintiff's property to satisfy the debt.[2]

On February 19, 2025, the Clerk of the Superior Court marked the COD as fully satisfied upon request of Taxation (meaning plaintiff's debt to Taxation was discharged as fully paid).

On February 20, 2025, plaintiff wrote to Taxation seeking "relief" from the WOE. She maintained that the WOE was incorrectly addressed to her "friend's home" and that this friend, "who manages [plaintiff's] savings," never informed plaintiff of the levy until February 10, 2025. Plaintiff claimed that her address since 2022 was a different one, 218 Independence Way, Springfield, New Jersey, and therefore, she never received the COD or the WOE. Her letter pointed out several

---

[2] The amount was higher than the COD reflecting additional interest and collection-related charges as calculated by the Division.

Unlike her GIT that was due and unpaid, the Internal Revenue Service ("IRS") notified plaintiff on August 16, 2021, that it owed plaintiff a net refund of $10,608 for tax year 2020 (since $3,934 was due but $19,223.06 was paid). The "net" refund was because the IRS offset income tax due by plaintiff for tax years 2010 and 2019. Plaintiff's address on the IRS' refund notice was 15 Judge Thompson Road, Somerville, New Jersey, the same address Taxation used on its Statement of Account to notify plaintiff that she owed GIT for tax year 2020.

errors in the GIT returns she had filed for tax year 2020 (e.g., she had used an incorrect filing status as single; Taxation should have credited her with taxes deducted by the IRS) and 2011 (e.g., Taxation improperly had the IRS offset her federal income tax refund by $1,229 towards her GIT for tax year 2011,[3] and should have provided a credit for the withheld federal social security taxes and certain insurance premiums). She contended that without these errors, she would owe no GIT for either tax year 2020 or 2011.

Per plaintiff, Taxation did not respond to her letter, nor to her subsequent letters allegedly sent in May and July of 2025. Hence, she filed the instant motion for permission to file the accompanying proposed complaint nunc pro tunc.

In her motion, plaintiff reiterated most of her contentions that she had made in her February 20, 2025, letter to Taxation. She stated that Taxation had mailed the WOE to a third party, a stockholding company, which "took" $5,387.60 in November of 2024, and then in December of 2024, apparently notified plaintiff's friend "who manages [plaintiff's] stock," of the levy. That friend allegedly "failed to notify" plaintiff of the levy until February 10, 2025.

---

[3] Per the documents plaintiff provided, the IRS notified her by letter of August 6, 2021, that $1,229.35 of her federal income tax refund was applied to her GIT "obligation" owed to Taxation. The letter does not indicate the tax year for which the offset was effectuated. Plaintiff included two Statement of Accounts from Taxation as to her 2011 GIT return, the second one showing that she was owed a refund based on prior payments/credits and "SOIL" (which stands for "setoff of individual liability") of $269.21.

Plaintiff also reiterated that Taxation improperly and incorrectly calculated her GIT for tax year 2011 by failing to deduct various withholdings and exemptions, including Social Security, Medicare, disability insurance, and group life insurance costs. Similarly, she noted, for tax year 2020, Taxation failed to credit her income with mandatory federal tax withholding and offsets (see n.1), resulting in an inflated taxable income and improper assessment of penalties and interest. Further, she stated, per the COD she owed $4,702.57, yet Taxation seized $5,387.60 (the amount on the WOE), therefore, she is owed an additional refund of $685.03.

**ANALYSIS**

When a taxpayer files a GIT return, self-reports the taxable income, but fails to compute or pay the GIT, Taxation can calculate the tax due. That tax is deemed assessed as of the date the payment is due. See N.J.S.A. 54A:9-3(a) ("In the case of a return properly filed without computation of tax, the tax computed by [Taxation] . . . shall be deemed to be assessed on the date on which payment is due.").

The GIT Act provides that an "aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of" Taxation, appeal to the Tax Court "in accordance with the provisions of the State Tax Uniform Procedure Law." N.J.S.A. 54A:9-10. The State Uniform Tax Procedure Law provides that "any complaint against the action of Taxation must be filed with this court "within 90 days after the date of the action sought to be reviewed." N.J.S.A. 54:51A-14(a). See

5

also R. 8:4-1(b) ("Complaints seeking to review actions of the Director of the Division of Taxation . . . shall be filed within 90 days after the date of the action to be reviewed").

Failure to take an action within the 90-day period requires this court decline to exercise its subject matter jurisdiction (i.e., decide the merits of the case). See Prospect Hill Apartments v. Borough of Flemington, 1 N.J. Tax 224, 227-28 (Tax 1979).

It is undisputed that plaintiff filed her 2020 GIT return and self-reported taxable income. It is undisputed that she did not pay any GIT on such income. It is undisputed that zero GIT was withheld (thus none paid to Taxation) by the payor of the lumpsum distribution, although federal income tax was withheld. Thus, Taxation calculated the GIT owed on the self-reported income (less personal exemptions claimed on the return) plus interest and penalties as permitted by the GIT Act. It is undisputed that plaintiff did not challenge the Statement of Account issued on September 28, 2022. Nor is there anything provided to show that plaintiff timely challenged the Statement of Accounts issued as to tax year 2011 (see n.3). This requires the court to decline reviewing the merits of plaintiff's complaint on a nunc

<u>pro tunc</u> basis which alleges that the assessments of GIT on her self-reported taxable income were wrong for tax years 2011 and 2020.[4]

The State Uniform Tax Procedure Law specifically deems unpaid tax, interest and penalties as a "personal debt of the taxpayer to the State, recoverable in any court of competent jurisdiction in an action in debt in the name of the State." N.J.S.A. 54:49-1. This "debt" is generally considered by statute as a "lien" on the debtor's (i.e., taxpayer's) property. <u>Ibid.</u>

To formalize the statutory lien, and as an "additional remedy" for collecting the unpaid tax, interest, and penalties, Taxation is authorized to file a COD with the Clerk of the Superior Court, who will then enter it as a docketed judgment. N.J.S.A. 54:49-12. Taxation then has "all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to the taxpayer's right of appeal." <u>Ibid.</u>

As another collection remedy, Taxation can issue a warrant commanding levy upon the debtor taxpayer's real and personal property in satisfaction of the COD for the tax, interest, penalties, and cost of collection. N.J.S.A. 54:49-13a. Once docketed, the warrant "shall become a lien upon the title to and interest in real and

---

[4] It should be noted that the scheme of the GIT Act does not permit deductions plaintiff claims Taxation should have voluntarily provided, such as for federal income tax or social security tax. <u>See generally</u> N.J.S.A. 54A:3-1 to 3-14; 54A:4-1 to 4-24.

7

personal property of the person against whom the warrant is issued," and can be executed upon. Ibid.

Here, not having received any payment for tax year 2020, Taxation proceeded with its collection actions via filing of the COD and consequent issuance of the WOE. Since both were filed/issued in accordance with the statutes, the court finds no basis to void them as being per se improper or illegal.

A taxpayer cannot challenge an assessment underlying a COD if the time to launch that challenge has statutorily expired. C.J. Kowasaki, Inc. v. Dir., Div. of Taxation, 13 N.J. Tax 160, 169 (Tax 1993) (a COD is "not an independent determination of tax liability" nor a "basis for a dispute as to tax liability," but is merely a "device for collecting taxes" and for "imposing a lien"); Millwork Installation, Inc. v. State Dep't of the Treasury, Div. of Taxation, 25 N.J. Tax 452, 460 (Tax 2010) (Taxation's "issuance of a Certificate of Debt did not create a new ninety-day appeal period for challenging the assessment of" the underlying tax). As noted above, there is nothing to show that plaintiff timely challenged the Statement of Account issued by Taxation for tax year 2020. Plaintiff cannot do so now via an attack to the COD (which was issued only for tax year 2020).

A COD can be challenged in the Tax court, however, "only on procedural grounds." C.J. Kowasaki, Inc., 13 N.J. Tax at 171. Thus, a taxpayer can contend that the COD is erroneous "because, for example, the amount in the COD differs

8

from the amount in the underlying assessment or because the wrong party is named in the COD." Ibid.[5] However, even such a procedural challenge to the Tax Court must be via a complaint filed "within 90 days of the action of the . . . filing the COD." Ibid.

Initially, the court perceives no procedural irregularities as to the COD or the WOE. Both were issued only against the plaintiff, the correct taxpayer. Both identified the correct tax (GIT) and correct tax year at issue (2020). It is undisputed that plaintiff never paid the GIT for 2020 at any time prior to the issuance of the COD or WOE.

Nor is the WOE procedurally incorrect because it listed a total that was different from the amount shown on the COD. See n.2. Interest continues to accrue on unpaid taxes until paid. See N.J.S.A. 54:49-3 (If a taxpayer "fail[s] to pay" the tax "on or before the day when the same shall be required by law to be paid," then the taxpayer must also pay "interest and penalty" on the unpaid amounts. Interest is due "from the date the tax was originally due until the date of actual payment").

---

[5] The court noted that these types of "problems might be corrected administratively, but if there is a genuine dispute, the COD can be reviewed in the Tax Court under" R. 8:3-5(b)(2). C.J. Kowasaki, Inc., 13 N.J. Tax at 170, 171. That court rule permits a complaint challenging a COD, but with notice whether it is the docketing of the COD or the underlying assessment that is at issue. R. 8:3-5(b)(2). This is because the underlying assessment can be "reviewed" by the Tax Court only if it is timely. Ibid.

The court therefore finds that there is no credible basis justifying review or voidance of either the COD or the WOE due to any procedural irregularities.

Plaintiff appears to allege a procedural due process violation as her basis for seeking voidance of the COD by contending that due to her address change in 2022, she never received the COD or WOE, and further because her friend who receives her mail (and apparently resides at plaintiff's former address, 15 Judge Thompson Road, Somerville, New Jersey) failed to notify her of the COD or WOE in a timely manner.

There is nothing to show that plaintiff advised Taxation of an address change at any time. Even in her February 20, 2025, letter to Taxation, where she notes that her previous address was her "friend's home," she does not allege that she had previously notified Taxation of another address as of 2022, or that Taxation should not use the Somerville address because it became her friend's house in 2022.

The court therefore finds plaintiff's contentions of lack of notice of the COD/WOE meritless. That her friend failed to notify plaintiff of mailings from Taxation does not prove lack of notice of these documents, and is certainly not a justifiable basis to vacate the statutorily valid COD on grounds of any alleged due process issues. See also N.J.S.A. 54:50-6(a) ("[a]ny notice required to be given by" Taxation when mailed "to the person for whom it is intended" at the last known

10

address, is "presumptive evidence of the receipt of the same by the person to whom it was addressed").

Plaintiff's reliance on R. 4:50-1 as a basis to vacate/void the COD is misplaced. This court rule applies "only to judgments entered by a New Jersey court." Millwork Installation, Inc., 25 N.J. Tax at 462 (citations omitted). This court did not issue the COD. Taxation did. Therefore, this court rule does not provide relief to the plaintiff.

That Taxation requested its COD be docketed as a judgment, and the Clerk of the Superior Court performed this administrative function does not convert the COD into a judgment of the Tax Court or any New Jersey court. Id. at 463 ("Entry of the information on the [COD] in the record of docketed judgments of the Superior Court Clerk does not transform [it] . . . into an adjudication of claims by a court."). The docketing by the Superior Court Clerk simply gives the COD "the same force and effect as the entry of a docketed judgment." N.J.S.A. 54:49-12.

**CONCLUSION**

For the above reasons, the court denies plaintiff's motion to file a complaint nunc pro tunc. This would moot Taxation's cross-motion to dismiss the proposed complaint as untimely filed, however, its arguments in this regard have been considered and incorporated where necessary by the court in its findings.

_____/s/ Mala Sundar_____
Hon. Mala Sundar, P.J.T.C.

11