Plaintiff, a partnership, filed a complaint with this court challenging the local property tax assessment placed upon its apartment property by the Borough of Flemington for the year 1979. The total assessment was in the amount of $3,280,000. Plaintiff's complaint was mailed in Elizabeth, New Jersey, on August 14, 1979 and received by the clerk of the Tax Court on August 16, 1979. Upon receipt of the complaint, the clerk notified the attorneys for both plaintiff and defendant of the receipt of the complaint on August 16, 1979. The clerk stated, "This does not appear to comply with the filing requirements of the statute." In the same letter counsel were advised that they would be given an opportunity to be heard on the issue of the timeliness of the filing of the complaint. At the hearing before this court the attorney for the Borough of Flemington moved for a dismissal of the complaint for the reason that it was filed after August 15, 1979.
The Legislature by statute established August 15 as the filing deadline for local property tax assessment appeals to the county boards of taxation. N.J.S.A. 54:3-21. The statute was amended by the enactment of L. 1979, c. 113, to provide for a direct appeal of certain such assessments to the Tax Court. Plaintiff relied upon this recent amendment in filing a complaint with the Tax Court rather than an appeal with the Hunterdon County Board of Taxation. The relevant language of N.J.S.A. 54:3-21, as amended, is as follows:
 A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district or by the assessed valuation of property in another taking district in the county, may on or before August 15 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before August 15 file a petition of appeal directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00. . . .
Prior to the establishment of the Tax Court by L. 1978, c.33 (N.J.S.A. 2A:3A-1 et seq.) timely filing of a petition of appeal with a county board of taxation or with the State Division of *Page 227 
Tax Appeals was essential in order for either of those tribunals to have jurisdiction of the appeal. Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950); Clairol, Inc. v. Kingsley,109 N.J. Super. 22, 262 A.2d 213 (App.Div. 1970), aff'd 57 N.J. 199,270 A.2d 702 (1970). Cf. Danis v. Middlesex Cty. Bd. of Tax.,113 N.J. Super. 6, 272 A.2d 542 (App.Div. 1971). Plaintiff in the present case argues that the Tax Court, as a judicial body rather than an administrative agency, has the power to relax a filing deadline pursuant to R. 1:1-2. This contention is premised upon the August 15 filing deadline being established by court rule, specifically R. 8:4-1(a)(4).
Plaintiff's premise is clearly in error. The origin of the August 15 date is in N.J.S.A. 54:3-21. The date appears also inR. 8:4-1(a)(4), but this rule of the Tax Court merely iterates the statutory deadline. R. 1:1-2 relied upon by plaintiff does not deal with statutory deadlines. It states that "any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." (Emphasis supplied). A court has no power by virtue of this rule to relax or dispense with a statute of limitations passed by the Legislature and approved by the Governor.
Plaintiff is correct that the Tax Court as a judicial body has greater powers than were possessed by county boards of taxation or the Division of Tax Appeals. The Supreme Court has held that jurisdictional statutes of limitation may be tolled by courts in appropriate circumstances "if the legislative purpose underlying the statutory scheme will thereby be effectuated." White v.Violent Crimes Comp. Bd., 76 N.J. 368, 379, 388 A.2d 206,211 (1978). In an apparent effort to invoke the application of this principle, plaintiff argues that the postoffice at which its complaint was mailed on August 14, 1979 promised delivery the next day, which would have resulted in a timely filing. This argument has no merit. Plaintiff waited until the day before the statutory filing deadline to mail the complaint. The mailing was in Elizabeth and the envelope was addressed to Trenton. Due diligence would have required either an earlier mailing of *Page 228 
the complaint or a direct filing of the complaint by August 15.Leake v. Bullock, 104 N.J. Super. 309, 250 A.2d 27
(App.Div. 1969). There are no circumstances in the present case to warrant any consideration of a tolling of the filing deadline established by N.J.S.A. 54:3-21. The court need not consider in this case whether such a tolling could effectuate the legislative purpose underlying the statutory scheme of tax appeals in other circumstances.
Judgment will be entered dismissing the plaintiff's complaint.