CONLEY, J. T. C.
This is an action by a taxpayer for a tax refund pursuant to the Motor Fuels Use Tax Act, N.J.S.A. 54:39A-1 et seq. Plaintiff is a New Jersey corporation engaged in the business of leasing tractors, trailers and related equipment used in the trucking industry. In the course of its business plaintiff pays both the motor vehicle fuel tax and the motor fuels use tax. The former tax is imposed pursuant to N.J.S.A. 54:39-1 et seq. upon the sale of motor fuel in New Jersey: The latter tax is imposed pursuant to N.J.S.A. 54:39A-1 et seq. at the same rate per gallon as the fuel tax and is calculated on the amount of motor fuels used in New Jersey. When a taxpayer pays fuel tax on purchases of fuel in New Jersey but actually uses the fuel out of state, he is entitled to a credit against his motor fuel use tax payments. N.J.S.A. 54:39A-8. A refund is available to such a taxpayer if his credit exceeds the amount of motor fuel use tax payable for any quarterly reporting period.
Plaintiff in the present case seeks a total refund of $18,985.76 with respect to its quarterly tax obligations for the four quarters in 1976 and for the quarter ending March 31, 1977. The refund claims were denied by the Bureau of Motor Carriers in the Division of Motor Vehicles on April 18, 1978 and June 16, *119 1978 for the reason that all the claims had been filed after the one year period established by administrative regulation for the filing of such claims. N.J.A.C. 13:18 -4.9. Plaintiff filed an appeal from all denials of its refund claims with the former Division of Tax Appeals. Upon the establishment of the Tax Court the matter was transferred here by operation of law. NJ.S.A. 2A:3A- 26. Defendant has filed a motion to dismiss the complaint or, in the alternative, for summary judgment. Plaintiff has filed a cross-motion for summary judgment. Both motions have been submitted for a ruling on the papers pursuant to R. 1:6-2.
Defendant argues first that the complaint should be dismissed because it was filed out of time and that therefore the court has no jurisdiction to consider the matter on its merits. When the complaint was filed, the Motor Fuels Use Tax Act provided that a taxpayer had 30 days within which to challenge the Director’s actions in the Division of Tax Appeals. NJ.S.A. 54:39A-17(a). The complaint was filed 68 days after the denial of some of plaintiff’s refund claims and 73 days after the denial of its other claims. When the case was transferred to the Tax Court, the operative statute of limitations for the filing of complaints from the Director’s actions was 90 days. NJ.S.A. 2A:3A-4.1 b(2). Plaintiff’s complaint would be timely if measured by the present law but not if measured by the law in effect at the time the complaints were filed.
It is correct, as argued by defendant, that statutory filing deadlines pertaining to tax matters are jurisdictional. Horrobin v. Director, Division of Taxation, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct. 1980); Prospect Hill Apartments v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A. 2d 737 (Tax Ct. 1979). The issue presented by defendant’s motion to dismiss is which of the conflicting statutory deadlines shall be controlling. It is our conclusion that the Legislature did not intend the more liberal statute of limitations contained in the Tax Court statute to apply retroactively to all actions pending in the Division of Tax Appeals and transferred to this court.
*120 It is a general principle of statutory construction that courts should not construe statutes to have retroactive application “unless such an intention is manifested by the Legislature in clear terms.” Skulski v. Nolan, 68 N.J. 179, 202, 343 A.2d 721 (1975). With respect to the statutes involved in this proceeding, the Legislature adopted the statute creating the Tax Court on June 13, 1978 but did not make it effective until July 1 of the year following passage of the constitutional amendment merging the Superior Court and county courts. L. 1978, c. 33, § 32. This amendment to N.J.Const. (1947), Art. VI, § 1 was adopted at the general election of November 7, 1978 and the Tax Court became operational July 1, 1979. Upon establishment of the Tax Court on this date the Division of Tax Appeals began a six month transitional period prior to its termination. L. 1978, e. 33, § 27. The 90 day statute of limitations relied upon by plaintiff is an integral part of the act establishing the Tax Court. N.J.S.A. 2A:3A-1 et seq. Thus, it is clear that the Legislature in establishing the Tax Court was aware that the new court would not become operational for an extended period after adoption of the act creating the court. The Legislature also purposefully provided for a transitional period during which both the court and the Division of Tax Appeals would be hearing and disposing of cases. The Legislature expressly provided that after the six-month transition:
All causes and proceedings pending in the Division of Tax Appeals, shall be transferred to the tax court, together with all existing files and records. .. . [N.J.S.A. 2A:3A-26]
These several provisions reveal no legislative intent to extend the statutory deadline for the filing of complaints that had already been filed in the Division of Tax Appeals and that were pending in that agency upon the establishment of the Tax Court. It would have been a simple matter to apply the new statute of limitations retroactively if the Legislature had so intended. Defendant’s motion to dismiss the complaint will therefore be granted. The Clerk of the Tax Court will enter an appropriate judgment dismissing plaintiff’s complaint.