MENYUK, J.T.C.
This letter constitutes the court’s decision with respect to defendant’s motion to dismiss the complaints for tax years 2002, 2003 and 2004 on the ground that plaintiff failed to plead a claim of overvaluation and discrimination within the time permitted by N.J.S.A. 54:3-21. The motion is opposed.
It is necessary for an understanding of this motion to set out the background of the litigation. Plaintiff, a not-for-profit corporation, is a private eating club that is not officially operated as part of Princeton University but is affiliated with its students. Univ. Cottage Club of Princeton v. N.J. Dep’t of Envt’l Prot., 191 N.J. 38, 42, 921 A.2d 1122 (2007). In 1998, plaintiff first decided to seek exemption for the property that is the subject of these appeals as an historic site pursuant to N.J.S.A. 54:4-3.52 to -3.54. Univ. Cottage Club, supra, 191 N.J. at 42, 921 A.2d 1122. One of the requirements for exemption is certification of the subject property as an historic site by the Commissioner of the Department of Environmental Protection (“DEP Commissioner”). N.J.S.A. 54:4-3.52.
As recounted in University Cottage Club, supra, 191 N.J. at 46-47, 921 A.2d 1122, the parties have been engaged in litigation since 2003 or 2004 over the issue of whether the DEP Commissioner *187 should have certified the subject property as an historic site. That litigation took place in the Appellate Division and the Supreme Court and finally concluded with a 2010 unpublished decision of the Appellate Division, as to which certification was subsequently denied by the Supreme Court. In re Petition of Univ. Cottage Club of Princeton Corp., 205 N.J. 14, 11 A.3d 373 (2010). Briefly stated, the determination of the DEP Commissioner to deny the certification of the subject property as an historic site was ultimately affirmed. Consequently, plaintiff is ineligible for exemption pursuant to N.J.S.A. 54:4-3.52 to -3.54 for the tax years at issue in this motion, 2002 through 2004.
Commencing in 2002, plaintiff each year filed an appeal of the assessment on the subject property with the Tax Court pursuant to N.J.S.A. 54:3-21. Those appeals were put on the inactive list pending the outcome of the litigation concerning the certification as an historic site. Following the conclusion of that litigation, my chambers arranged for a conference by telephone for the purpose of discussing the scheduling of the Tax Court appeals. At that time, I inquired of the parties as to whether the Tax Court matters were concluded by virtue of the fact that the subject property did not have the certification required for exemption or whether the complaints raised valuation as an issue. Plaintiffs counsel responded that valuation was at issue.
Upon examination of the complaints, it appeared that for tax years 2002, 2003 and 2004, the complaints sought only exemption pursuant to N.J.S.A. 54:4-3.53, or alternatively, exemption pursuant to N.J.S.A. 54:4-3.6.[1] Each complaint also included a general demand clause seeking a judgment of exemption for the property and “such other relief as may be appropriate.” The case information statement attached to the complaint for each of the years at issue was filled in to state the amount of the assessment for that tax year. The sheets were also marked to respond affirmatively *188 to the inquiry, “Is tax exemption or abatement claimed,” and to state the statutes upon which the exemption claim was based.
During the conference call, I questioned whether I had jurisdiction to consider the valuation of the subject for tax years 2002, 2003 and 2004 since it had not been specifically pleaded and the statute of limitations set out in N.J.S.A. 54:3-21 had long since expired. So, more or less at the court’s instigation, defendant brought these motions. It should also be noted that defendant filed counterclaims for each of the years at issue in this motion, raising valuation and discrimination as issues. During the pen-dency of this motion, the counterclaims were withdrawn.
For the tax years at issue, a direct appeal to the Tax Court had to be filed on or before April 1. N.J.S.A. 54:3-21. The statutory time limit is jurisdictional and may not be relaxed by the Tax Court. McMahon v. City of Newark, 195 N.J. 526, 530, 951 A.2d 185 (2008); F.M.C. Stores Co. v. Bor. of Morris Plains, 100 N.J. 418, 425, 495 A.2d 1313 (1985); Prospect Hill Apts. v. Flemington Bor., 172 N.J.Super. 245,1 N.J.Tax 224, 411 A.2d 737 (Tax 1979).
By court rule, complaints are required to state the factual basis of the claim and the relief sought. R. 8:3-4(b). “Relief in the alternative may be demanded.” Ibid. “A claim for exemption shall be specifically pleaded.” Ibid. Discrimination claims are also to be stated in the complaint. R. 8:3-4(d). Complaints may be amended pursuant to R. 8:3-8(a), but a complaint may not be amended to add a new time-barred cause of action. Pressler and Verniero, Current N.J. Court Rules, comment 8 on R. 8:3 (2011).
There is no reported case directly on point. There is, however, substantial case law on the issue of whether a claim of discrimination must be timely pleaded. The general rule was set out in Hackensack Water Company v. Township of North Bergen, 8 N.J.Super. 139, 142, 73 A.2d 597 (App.Div.1950), that “an amendment setting up a new cause of action should not be permitted *189 after the time has expired for bringing the suit or other proceeding.” In Hackensack Water Company, the court affirmed the denial of a motion for leave to amend a petition of appeal alleging that an assessment exceeded the true value of the property to add a claim of discrimination in assessment. See also Cleff Realty Co., Inc. v. City of Jersey City, 41 N.J.Super. 465, 470-71,125 A.2d 423 (App.Div.1956); Borough of Matawan v. Tree Haven Apts., Inc., 108 N.J.Super. 111, 116, 260 A.2d 235 (App.Div.1969).
In Weyerhaeuser Co. v. Borough of Closter, 190 N.J.Super. 528, 540, 464 A.2d 1156 (App.Div.1983), the Appellate Division reiterated the holding of Hackensack Water Company that an amendment after expiration of the statute of limitations should be prohibited when the claim sought to be added is a new cause of action. However, the court concluded that following enactment of Chapter 123, L. 1973, c. 123 (providing a statutory remedy for discrimination), discrimination was no longer a “new” cause of action since the elements of proof of a valuation claim and a discrimination claim would now be identical.
The general bar to amendment of a complaint challenging a tax assessment to add a new cause of action is consistent with the general rule applicable to civil actions. R. 4:9-3, made applicable by R. 4:1 to actions in the Tax Court except where otherwise provided in the Part VIII rules, sets out when a civil complaint may be amended to add a new claim after the running of the statute of limitations. As the predecessor to R. 4:9-3 was construed by our Supreme Court, the test is as follows:
The rule should be liberally construed. Its thrust is directed not toward technical pleading niceties, but rather to the underlying conduct, transaction or occurrence giving rise to some right of action or defense. When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied.
[Harr v. Allstate Ins. Co., 54 N.J. 287,299, 255 A.2d 208 (1969).]
I conclude that a claim of valuation in excess of true value is distinctly different than a claim of exemption. The former claim acknowledges that the property was properly the subject of assessment, but alleges that the assessment is greater than true *190 value. The latter claim contends that the property should not have been assessed at all for taxation. The elements of proof are wholly different. A claim of over-assessment involves proofs of the price that a willing buyer would pay a willing seller for the property on the valuation date. See, e.g., Ford Motor Co. v. Edison, 127 N.J. 290, 298-299, 604 A.2d 580 (1992) (“All real property must be assessed at true value. In New Jersey, the concept of true value has been expressed in terms of the price that could be obtained for the property in money at a fair sale between a willing buyer and a willing seller.”). An exemption claim requires proof that all of the requirements of the particular statute permitting exemption have been met.
The case law cited by plaintiff in support of its position that a claim for valuation and/or discrimination was incorporated in each complaint, and that its pleading should not be narrowly construed, is not on point. In Schumar v. Borough of Bernardsville, 347 N.J.Super. 325, 790 A.2d 171 (App.Div.2001), the Appellate Division reversed and remanded a matter tried solely on the issue of valuation where the Tax Court judge had refused to permit proofs of spot assessment, mentioned for the first time on the trial date. The Appellate Division concluded that spot assessment was a form of discrimination in assessment which, under Weyerhaeuser is present in all assessment appeals. Schumar, supra, 347 N.J.Super. at 330-32, 790 A.2d 171. It also concluded that spot assessment was present in the form complaint which challenged the judgment of the county board of taxation as being in excess of both true value and “assessable value.” Id. at 332, 790 A.2d 171.
Plaintiff here emphasizes that Schumar made reference to R. 8:3—8(a), which permits amendments to Tax Court pleadings at any time prior to the pretrial conference (where there is one) or the receipt of notice of the first date fixed for trial[2] and thereafter for good cause shown, and also permits amendments to conform with the evidence. Schumar, supra, 347 N.J.Super. at 332-33, 790 A.2d 171. The Appellate Division also noted that “[cjourts en *191 deavor to allow litigants their day in court and some tolerance is accorded in applying rules that are subject to R. 1:1-2.” Id. at 333, 790 A.2d 171. In the case presently before the court, there is nothing in the complaint for tax years 2002, 2003 or 2004 that alludes, indirectly or otherwise, to valuation. Moreover, as previously noted, the statutory deadline for filing a complaint may not be relaxed by the Tax Court pursuant to R. 1:1-2. Prospect Hill Apts. v. Flemington Bor., supra, 172 N.J.Super. 245, 1 N.J.Tax at 227, 411 A.2d 737. Similarly, R. 8:3-8(a) cannot be read to permit an amendment to add a claim which is made beyond the limitation period provided by N.J.S.A. 54:3-21.
The conclusion that plaintiff may not amend its complaints to add a time-barred claim is not changed by the fact that defendant filed a counterclaim alleging discrimination and underassessment for each of the tax years in issue here. As noted earlier, those counterclaims were withdrawn while these motions were pending. Rule 8:3-9 explicitly permits withdrawal of a complaint or a counterclaim at anytime prior to the close of proofs without leave of court. Further, while the existence of the counterclaims indicates that the municipality would not be prejudiced by amendment of the complaints, prejudice is not the basis for barring the amendment. Rather, the claims of valuation and discrimination are barred because they were raised after the limitation period set out in N.J.S.A. 54:3-21 had expired.
For the foregoing reasons, defendant’s motion must be granted. Because the record is not clear that plaintiff has abandoned its intention to pursue a claim of exemption under N.J.S.A 54:4-3.6, the court will refrain from immediately entering an order of dismissal. Plaintiff is directed to advise the court and defendant in writing whether it intends to pursue that claim no later than December 15,2011.

 N.J.S.A. 54:4-3.6 provides exemption for property owned by a not-for-profit corporation and used for any of several purposes. Plaintiff has not indicated either in its motion papers or at oral argument that it intends to pursue a claim for exemption pursuant to NJ.S.A. 54:4-3.6.

 The first trial notices for the 2002, 2003, and 2004 appeals were sent on August 14, 2002, December 10, 2003, and July 12, 2004, respectively.