NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS
TAX COURT OF NEW JERSEY



**Mala Sundar**
  **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
 25 Market Street
 Trenton, New Jersey 08625
 Telephone (609) 815-2922
 TeleFax:  (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

August 20, 2018

Eileen W. Toll, Esq.
Skoloff & Wolfe, P.C.
293 Eisenhower Parkway
Livingston, New Jersey 07039

James H. Gorman, Esq.
1129 Broad Street
Shrewsbury, New Jersey 07702

> Re: VNO 1105 State Hwy 36 L.L.C. by Stop & Shop As Tenant v.
> Township of Hazlet
> Block 65, Lot 4, 1105 Highway 36
> Docket No. 007243-2018

Dear Counsel,

This opinion decides plaintiff's motion to dismiss defendant's counterclaim filed in the above captioned complaint as untimely. Defendant ("Township") opposed the motion arguing that it filed a counterclaim within 20 days of the filing of plaintiff's amended complaint, therefore, pursuant to R. 4:9-1, its counterclaim is timely.

The court finds that the inclusion of plaintiff's status in the caption, viz. "As Tenant" was a non-substantive correction, and not an amended pleading within the intendment of R. 8:3-8(a). Even if the inclusion of these two words is considered to amend plaintiff's pleading, the Township cannot file a counterclaim. While a response to an amended complaint is permitted under R. 8:3-2(b), such response is limited to the amendment, and does not resurrect the Township's ability to file a counterclaim. The court therefore dismisses the Township's counterclaim as untimely.

*

**FACTS**

On April 2, 2018, plaintiff filed a timely direct appeal to this court contesting the local property tax assessment of $4,669,500 for tax year 2018, imposed by the Township's assessor, on the above captioned property ("Subject"). The complaint's caption showed plaintiff as "VNO 1105 State Hwy 36, LLC by Stop & Shop." The Case Information Statement ("CIS") also had the same caption.

A month later, on May 4, 2018, the Township moved to dismiss the complaint on grounds plaintiff failed to respond to the assessor's Chapter 91 (N.J.S.A. 54:4-34) request. The assessor's certification in support of the motion stated that he had requested financial information from "VNO 1105 State Hwy 36 LLC %Ahold FIN," but received no response. The motion was unopposed. The court entered an Order on June 8, 2018 dismissing the complaint in part, with plaintiff's right to request a reasonableness hearing, which request had to be made on or before June 22, 2018.

Having not received a request for the reasonableness hearing, the court entered an Order dismissing the complaint with prejudice on June 22, 2018. However, at 4:06 p.m. on the same day, plaintiff advised the court that it would be seeking such a hearing. By Order dated June 25, 2018, the court vacated its June 22, 2018 Order, and scheduled a reasonableness hearing.

On July 20, 2018, the staff of the Tax Court Management Office ("TCMO") issued a "deficiency notice" to plaintiff because the "case caption does not comply with R. 8:5-3(a)(8). The case caption must contain name of record owner, name of plaintiff and relationship of plaintiff to record owner." The notice directed plaintiff to "submit an amended pleading to the Tax Court within ten days . . . [and] that pursuant to Rule 8:3-8, the amendment in amended pleadings must be underlined." The notice reiterated that plaintiff had to "submit amended/corrected documents within ten days of the date of this notice."

2

On July 23, 2018, plaintiff promptly re-filed its complaint adding "Amended" under Civil Action, and adding "As Tenant" in the caption, as part of plaintiff's name. The same correction was made on the CIS, i.e. adding "As Tenant" on Part B, Line 1 (identity of plaintiff). The CIS was also labeled as "Amended." No other changes were made in either document.

On July 27, 2018, the Township filed a "Counterclaim to Plaintiff's Amended Complaint" alleging (1) the Township's identity; (2) the Subject's assessment; and (3) that the assessment "is less than the true value of the subject property." The Township "demand[ed] judgment on its counterclaim to increase the assessment on plaintiff's property as required by law," and sought "such other relief as may be appropriate."

On July 30, 2018, plaintiff filed the instant motion to dismiss the Township's counterclaim as untimely. Plaintiff noted that the correction to its name in the complaint and CIS caption was not a substantive change, which did not substantially prejudice the Township, therefore, the amendment related back to the original filing date of April 2, 2018. As such then, the time to file a counterclaim would be from April 2, 2018.

The Township agreed that the correction to the name on the caption of plaintiff's complaint and CIS related back to the April 2, 2018 date of the filing of the original complaint. However, it argued, since R. 4:9-1 allows a response to an amended pleading within 20 days, and since it had no obligation to file any response to a "defective complaint," its counterclaim was timely.

**ANALYSIS**

*A. Time to File Counterclaims*

N.J.S.A. 54:3-21(a)(1) provides that time limitations for a counterclaim as follows:

> If a petition of appeal or a complaint is filed on April 1 or during the
> 19 days next preceding April 1, a taxpayer or a taxing district shall
> have 20 days from the date of service of the petition or complaint to

3

file a cross-petition of appeal with a county board of taxation or a counterclaim with the Tax Court, as appropriate.

The statute was amended in 2013 to provide different appeal filing deadlines for properties located in a county which participates in the assessment demonstration program pursuant to N.J.S.A. 54:1-104, such as Monmouth County where the Subject is located. See N.J.S.A. 54:3-21(a)(2). However, the same 20-day deadline applies for counterclaims. Ibid. Thus,

> [i]f a petition of appeal is filed on January 15 or during the 19 days next preceding January 15, or a complaint is filed with the Tax Court on April 1 or during the 19 days next preceding April 1, a taxpayer or a taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the Tax Court, as appropriate.
>
> [Ibid.]

The court rules addressing counterclaims also provide that "[i]n a direct appeal . . . a counterclaim may be filed within 20 days from the date of service of the complaint even if the counterclaim is filed after the deadline for filing the complaint provided by N.J.S.A. 54:3-21." R. 8:4-3(a). Under R. 1:3-3, three days are added to the 20-day period where service of a complaint is by mail. See Majestic Constr. Co. v. Twp. of Deptford, 14 N.J. Tax 332, 336-38 (Tax 1994) ("The rationale" in permitting counterclaims to "be filed within 20 days after service" was "to afford the responding party an equal amount of time to file a counterclaim in property tax appeals that are filed close to the April 1 deadline," and since "a counterclaim in a property tax appeal" is to be treated no "differently from an answer or other responsive pleading," R. 1:3-3 applies to provide "a full 20 day period after receipt of the pleading within which to respond.").

"[T]axing districts are [also] required to comply with the time prescriptions for the filing of tax appeals, as with all other statutory requirements." F.M.C. Stores Co. v. Borough of Morris

4

Plains, 100 N.J. 418, 424 (1985), aff'g 195 N.J. Super. 373 (App. Div. 1984).  Thus, "both appealing taxpayers and taxing districts must adhere strictly to the deadlines prescribed by statute. Failure to file a timely appeal is a fatal jurisdictional defect."  Id. at 425 (citation omitted).

Plaintiff filed its complaint on April 2, 2018.  Under the plain language of N.J.S.A. 54:3-21(a)(2), the Township had 20 days after service of the same to file its counterclaim.  It did not. Therefore, it should be barred from filing a counterclaim.

*B. Amendment to Pleadings As Allowing the Filing of a Counterclaim*

Amendments to pleadings in the Tax Court "are governed by" R. 8:3-8.  Prime Accounting Dept. v. Twp. of Carney's Point, 212 N.J. 493, 510 (2013) (citation and internal quotation marks omitted), aff'g in part, rev'g in part, 421 N.J. Super. 199 (App. Div. 2011).  This rule allows a party to amend or supplement pleadings "at any time prior to the completion of the pretrial conference or, if there is no pretrial conference, at any time prior to the receipt of notice of the first date fixed for trial," or if later, then upon motion "for good cause shown."  R. 8:3-8(a).  The adversary can object to the proposed amendment within 20 days after service, and if not, the court "shall" accept the amendment.  Ibid.[1]  An amended complaint will "relate back to the date of the original pleading" if "no party is significantly prejudiced by said amendment."  R. 8:3-8(c)(1).

Rule 8:3-8(a) is silent on whether a party can file a response to an amendment to a pleading. However, R. 8:3-2(b) allows a response to be filed to an amended pleading.  This rule provides that a defendant in a local property tax matter can, but need not file an answer, and that either party can file a counterclaim and an answer to a counterclaim.  Ibid.  "[N]o other pleading is allowed,

---

[1] Evidently, this rule does not, and cannot, permit an amendment to assert an untimely claim or cause of action.  See University Cottage Club of Princeton v. Borough of Princeton, 26 N.J. Tax 185, 191 (Tax 2011) ("R. 8:3-8(a) cannot be read to permit an amendment to add a claim which is made beyond the limitation period provided by N.J.S.A. 54:3-21.").

except in response to amended and supplementary pleadings," unless the court allows such "other pleading." Ibid. Thus, pursuant to R. 8:3-2(b), the Township can file a "response" to a pleading that has been "amended," and its resort to R. 4:9-1, the rules governing practice in Superior Court as to amendment to pleadings, is unnecessary. See also Prime Accounting Dept., 212 N.J. at 510 (R. 8:3-8 "supersedes [R.] 4:9-1").[2]

There are several reasons why the court decries the Township's attempt to file a counterclaim after plaintiff corrected the caption in its complaint.

First, the court rules governing the amendment of pleadings applies where a plaintiff or defendant voluntarily files a pleading seeking to amend what that party had originally filed. Here, plaintiff made no such attempt, nor sought to change its original pleadings. The deficiency notice issued by the TCMO alerting plaintiff that its caption did not conform to R. 8:3-5, does not fall within the scope and intendment of either R. 8:3-8 (or R. 4:9-1 to the extent this rule even applies). Such a notice merely seeks a conformance as to the form of the pleadings, not to the content, or substance of the same. See R. 1:5-6(b)(7); -6(c).

---

[2] Rule 4:9-1 permits a party to amend "any pleading as a matter of course at any time before a responsive pleading is served." If "no responsive pleading is to be served, and the action has not been placed upon the trial calendar," an amendment to the pleading is allowed "at any time within 90 days after it is served," and "[t]hereafter . . . only" if the adversary consents or the court permits. Ibid. "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 20 days after service of the amended pleading, whichever period is longer, unless the court otherwise orders." Ibid.

The relation-back rule, R. 4:9-3, provides that if a "claim or defense asserted in the amended pleading arose" from the same set of events alleged "in the original pleading, the amendment" will relate back. The court can, in its discretion, permit inclusion "of a new or different claim or defense," and if the change is to include a new party, it will relate back only under certain conditions, including it being within the statute of limitations. Ibid. Note that R. 8:3-8 "governs" if there is any inconsistency with R. 4:9-3. See R. 8:3-8(c)(2).

Second, the court finds that despite labeling its re-filed complaint and CIS as "Amended," plaintiff made a non-substantive correction to the caption by including the nature of its connection to the property owner. Its April 2, 2018 complaint had already contained its name, as well as the property owner's name. Thus, it was plain on the face of the April 2, 2018 complaint, that Stop & Shop filed the complaint for the Subject's owner, VNO 1105 Hwy 36 LLC, both such parties having an interest in the complaint, and both such parties being named in compliance with the court rules.[3] In response to a "deficiency" notice, which asked the caption to include plaintiff's status, plaintiff added two words, "As Tenant" to its complaint and CIS. No other changes were made. No new parties were added. No additional causes of action were included. No additional claims were made. Adding the plaintiff's status or relation to the property owner, which has already been identified, is not an amendment to the pleadings as envisaged by, or within the intendment of R. 8:3-8(a) for purposes of triggering the Township's right to file a response, or for the purposes of the "relation back" rule. This non-substantive correction is unlike the attempted addition of an altogether new party in Prime Accounting Dept. Thus, the Township's contention that it was not obligated to respond to a "defective complaint" lacks merit.

---

[3] In Prime Accounting Dept., the Court suggested that the person on the tax list, an "aggrieved taxpayer," and "the current property owner, if known . . . should be identified in a tax appeal complaint and in the" CIS. 212 N.J. at 516. See also Village Supermarkets, Inc. v. Twp. of West Orange, 106 N.J. 628, 633-34 (1987) ("[A]n appeal can be brought in the owner's name by the tenant with notice to the owner."); Twp. of Ewing v. Mercer Paper Tube Corp., 8 N.J. Tax 84, 91-92 (Tax 1985) (a property owner is "a necessary party" thus, an "appeal by the sole tenant . . . must be instituted in the name of the owner by the tenant as express agent for the owner, or, as co-plaintiff."). The court rules were amended, effective September 1, 2018, and added the requirement that "the name of the plaintiff if other than the owner and the relationship of the plaintiff to the owner" shall be included. R. 8:3-5(a)(1).

Third, even if addition of the words "As Tenant" to the caption is deemed to somehow be a substantive amendment to the pleadings for purposes of R. 8:3-8(a), triggering the right to file a response under R. 8:3-2(b), or is deemed to be an amendment for purposes of the relation back rule,[4] the court finds that a new counterclaim cannot be filed as a "response."

A response for purposes of R. 8:3-2(b) is one which is limited to what has been amended in the pleadings. While this rule permits a pleading "in response to" the amended pleadings, it means that the response should be only to the amendment in the pleading. This construction is logical as the rules also require that "[t]he amendments in the amended pleadings shall be underlined." See R. 8:3-8(a). As is the normal practice, when a party seeks to amend a pleading, it must repeat the original allegations, include the changes, and the underline those changes. Underlining simplifies the need to compare the original pleading with the proposed amended pleading, to discover the proposed changes. It allows the defendant, or another party, to object to the proposed changes. It permits the court to focus on the changes, if it is called to decide whether the amendment can relate back. It is illogical to maintain that for purposes of an objection, a defendant or other party must focus on the proposed amendment, but for purposes of a response, such defendant or other party can revisit the original pleading, and then for the first time, plead a new cause of action or claim, such as a counterclaim. The response to an amended pleading should be only to the amendment in the pleading, not to the allegations in the original pleading, which are not sought to be changed, but are included for purposes of convenience.

---

[4] A change "re-identifying plaintiff," or "the party," or where "a defendant has been misidentified in a prior pleading," will generally relate back provided the conditions of R. 4:9-3 are met. Prime Accounting Dept., 212 N.J. at 512-13 (citations and internal quotations omitted).

The last sentence of <u>R.</u> 4:9-1, which the Township relies on, also supports this conclusion. Although the sentence is not incorporated into <u>R.</u> 8:3-8(a), or into the last sentence of <u>R.</u> 8:3-2(b) (insofar as the 20-day time limit to file a response), the rule permits a response "to an amended pleading." <u>See</u> <u>R.</u> 4:9-1. The response is not to the allegations in the original pleading (which presumably was already answered), even if the same are reiterated when an amendment to such a pleading is proposed by the impleader. The court is not persuaded by the Township's insistence that since both <u>R.</u> 8:3-8(a) and <u>R.</u> 4:9-1 use the phrase "amended pleadings," it means the entirety of the pleadings is open for a response, so that the Township can file a counterclaim in connection with an allegation that was originally pled and remained unchanged in the amended pleadings. Such a construction of either rule is illogical and unreasonable.

Thus, the Township's response, which is permitted under <u>R.</u> 8:3-2(b), is limited to the addition of the two words, "As Tenant." Filing a counterclaim that the Subject's assessment is lesser than its true value is not such response. <u>Rule</u> 8:3-2(b) (or even the last sentence of <u>R.</u> 4:9-1, to the extent it applies), is not authority for the Township to resurrect its ability to file a counterclaim. Just as an amendment cannot plead a new or time-barred claim or cause of action, so too a response to an amendment cannot include a time-barred counterclaim. <u>Prime Accounting Dept.</u> does not stand for the proposition that a non-substantive correction will open the door for the Township to file a counterclaim beyond the statutory time limits.

For the foregoing reasons, the court finds that it has no subject matter jurisdiction over the Township's untimely filed counterclaim. Plaintiff's motion to dismiss the same is granted.

Very truly yours,

Mala Sundar, J.T.C.

9