AX COURT OF NEW JERSEY



TAX COURT MANAGEMENT OFFICE
(609) 815-2922

P.O. Box 972
TRENTON, NJ 08625-0972

## Corrected Opinion Notice

### 3/21/2025

**William E. Dolan, pro se**

**Gregory S. Schaffer, Esq.**

**Kenneth A. Porro, Esq.**

**From:  Shannon M. Tremel**

**Re:  William E. Dolan v Borough of Woodcliff Lake and BMW of North America, LLC**
    **Docket number:** 006933-2014; 008634-2015; 005134-2016; 004908-2017; 006265-2018; 007570-2019 and 008551-2020

The attached corrected opinion replaces the version released on Click or tap to enter a date..

The opinion has been corrected as noted below:

    **Opinion had an unintentional page break on page 12-leaving the page blank.  Page break has been removed.**






# TAX COURT OF NEW JERSEY



**MICHAEL J. DUFFY**
**Judge**

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54580

**NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS**

March 19, 2025

William E. Dolan, *pro se*
99 West Hill Road
Woodcliff Lake, New Jersey 07677

Kenneth A. Porro, Esq.
Chasan Lamparello, Mallon & Cappuzzo, P.C.
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094

Gregory S. Schaffer, Esq.
Garippa, Lotz & Giannuario, P.C.
66 Park Street
Montclair, New Jersey 07042

> **William E. Dolan v. Borough of Woodcliff Lake and BMW of North America, LLC**
> Docket Nos.: 006933-2014; 008634-2015; 005134-2016; 004908-2017; 006265-2018;
> 007570-2019 and 008551-2020

Dear Mr. Dolan, Mr. Porro and Mr. Schaffer:

Plaintiff, William E. Dolan, and Defendants, the Borough of Woodcliff Lake (the "Borough") and BMW of North America, LLC ("BMW"), are involved in several related tax appeals regarding two parcels in Woodcliff Lake. This letter shall constitute the court's opinion on Plaintiff's motion to amend the complaints for tax years 2015 through 2020 and to strike BMW's proofs, including but not limited to any expert reports, and the Borough's cross-motion to dismiss the complaint for failure to comply with the court's Case Management Order, dated March 20, 2024, and for failing to state a claim for which relief can be granted.

For the reasons stated herein, the court denies both motions. Moreover, the parties are to participate in a mandatory in-court settlement conference on or before Friday, May 16, 2025.






## I.     Facts and Procedural History

Plaintiff is the owner of real property and improvements located within the borough. BMW is the owner of the real property and improvements on two parcels identified on the municipal tax map as Block 602, Lot 1 and Block 802, Lot 1, commonly known as 300 and 200 Chestnut Ridge Road, Woodcliff Lake (collectively "Subject Properties"). The Borough is the taxing authority for the Subject Properties.

Block 602, Lot 1 contains a 204,273 square foot office building ("Building 300") situated on 21.18 acres. Block 802, Lot 1 contains four buildings situated on 63.81 acres: a 130,169 sq ft office building ("Building 200"); a 103,480 sq ft "training" building ("Building 250"); a 95,319 sq ft "engineering" building ("Building 150") and a 4,650 sq ft maintenance garage. Both lots are zoned for Office Research.

Since 2014, Plaintiff has filed a series of seven (7) third-party complaints against BMW and the Borough alleging that the Subject Properties are under-assessed for tax years 2014 through 2020, causing the other property owners in the municipality to pay more than their fair share of the tax burden. Plaintiff has demanded that the assessments on the Subject Properties be rendered void and vacated in order to establish the correct assessed value for the tax years at issue. BMW answered Plaintiff's complaint and filed a counterclaim to reduce the assessed value of the Subject Properties for tax years 2015, 2018, 2019 and 2020.

In related litigation, BMW has filed direct appeals against the Borough alleging that the Subject Properties are over-assessed for tax years 2014, 2016 and 2017. For tax years 2018






through 2020, BMW filed direct appeals alleging that Block 602, Lot 1 was over-assessed.[1] For tax years 2019 and 2020, the Borough filed counterclaims alleging that Block 602, Lot 1 was under-assessed.

On April 30, 2024, Plaintiff filed a motion to: (1) suppress BMW's proofs, including but not limited to any expert reports[2] and (2) amend the complaints for tax years 2015-2020, to contest the automatic fire suppression system exemption on the Subject Properties.[3] On May 9, 2024, the Borough filed a cross-motion to dismiss the complaint for failure to comply with the court's Case Management Order, dated March 20, 2024, and for failing to state a claim for which relief can be granted. At issue are these motions.[4]

---

[1] BMW of North America, LLC v. Borough of Woodcliff Lake, Tax Court Docket Nos: 004646-2014; 008035-2016; 007534-2017; 005342-2018; 007001-2019; 004411-2020 (the "BMW direct appeals"). On July 16, 2024, this court entered an Order to Show Cause why the Plaintiff's third-party actions should not be consolidated with the BMW direct appeals. On September 25, 2024, the court heard oral argument and reserved its decision on consolidation.

[2] Plaintiff also sought to suppress the Borough's proofs for failing to turn over its expert report in accordance with a March 20, 2024, case management order. The Borough does not deny the existence of an expert report, but asserts that its report was not prepared in the context of Plaintiff's litigation, but with the BMW direct appeals. The court, therefore, will address Plaintiff's motion to suppress the Borough's proofs along with the Order to Show Cause in a separate decision.

[3] In his motion, Plaintiff sought to add a claim of perjury allegedly based on BMW fraudulently obtaining the automatic fire suppression system exemption under N.J.S.A. 54:4-3.130 to – 3.137. During a status conference with the parties on July 9, 2024, the Tax Court questioned whether it had jurisdictional authority to address a perjury claim and asked Plaintiff as to the specific remedy being sought. Plaintiff responded that the exemption should be revoked and relief should be related to the taxes.

The Tax Court is a court of limited jurisdiction and does not have the authority to address a claim of perjury. See R. 8:2. Rather, the court will liberally construe Plaintiff's motion as a request to amend the complaints to add a claim under N.J.S.A. 54:4-3.135(c).

[4] On May 16, 2024, Plaintiff submitted a response to the Borough's cross-motion and, on May 18, 2024, Plaintiff submitted a reply brief. With leave of court, BMW filed opposition to

---





ADA
Americans with
Disabilities Act



ENSURING
AN OPEN DOOR TO
JUSTICE



On May 22, 2024, these cases were transferred from Judge Jonathan A. Orsen to Judge Michael J. Duffy. Oral argument was heard on September 25, 2024.

## II. Legal Analysis

### A. Motion to Dismiss for Failure to State a Claim

The court will address the Borough's cross-motion first, as it is dispositive in nature, and could otherwise conclude the litigation. The Borough asserts that the complaints should be dismissed because Plaintiff "cannot proceed without an appraisal report" for the Subject Properties and, thus, cannot overcome the presumption of correctness associated with property tax assessments. The Borough's argument is premature and its motion to dismiss is denied without prejudice.

A municipality's tax assessment is entitled to a presumption of correctness. Pantasote Co. v. Passaic, 100 N.J. 408, 413 (1985). The taxpayer has the burden to present sufficient competent evidence to overcome the presumption and to establish a debatable question about the validity of the assessment. Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105 (1952). Such evidence must be "definite, positive and certain in quality and quantity to overcome the presumption." Ibid. If the taxpayer cannot meet its initial burden, then the assessment is affirmed.

A defendant may file a motion for involuntary dismissal at the close of the plaintiff's proofs, pursuant to R. 4:37-2(b). In determining whether the presumption has been overcome, the court must accept as true the proof of the party challenging the assessment and accord that party all legitimate favorable inferences from that evidence. MSGW Real Estate Fund, LLC v. Mountain Lakes Borough, 18 N.J. Tax 364, 376 (Tax 1998); Marina Dist. Dev. Co., LLC v. City of Atlantic

---

Plaintiff's motion on August 30, 2024. Plaintiff filed additional submissions on September 10, 2024. Finally, the Borough filed a surreply on November 8, 2024.






City, 27 N.J. Tax 469, 516 (Tax 2013), aff'd, 28 N.J. Tax 568 (App. Div. 2015). In the case of a motion for involuntary dismissal, the "trial court is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion." Dolson v. Anastasia, 55 N.J. 2, 5-6 (1969). In the absence of such a motion, the presumption of validity remains in the case of a real property assessment through the close of all proofs. MSGW Real Estate Fund, 18 N.J. Tax at 377.

Only in those cases, where the taxpayer has overcome the presumption of correctness, is the Tax Court charged with consideration of the evidence adduced by the parties and deciding the matter based upon a preponderance of the evidence. Ford Motor Co. v. Edison, 127 N.J. 290, 312 (1992) (citing Pennwalt Corp. v. Township of Holmdel, 4 N.J. Tax 51, 55-56 (Tax 1982)). It is during this second stage that the court must "appraise the testimony, make a determination of true value and fix the assessment." Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App. Div. 1982).

The Borough asserts that Plaintiff cannot proceed to trial without an expert report. The Borough's position is not accurate. When valuation of property is at issue, the Rules Governing Practice in the Tax Court explicitly permit a party to rely upon the testimony of a valuation expert or sales or rentals of comparable properties. R. 8:6-1(b)(1) & (2). In fact, the Tax Court has long held that litigants are not required to produce an expert witness or an appraisal report. Siegfried O. v. Holmdel Twp., 20 N.J. Tax 8, 18 (Tax 2002).[5] Thus, an expert witness is not required to establish a prima facie valuation case in Tax Court.

---

[5] The Tax Court also recognized that litigants that do not engage an expert witness "would appear to be at a grave disadvantage against an appraisal expert's testimony along with an appraisal report." Ibid.






Plaintiff has submitted some evidence of undervaluation of the Subject Properties. Notably, in the motion record, Plaintiff has provided a cost method of valuation for the Subject Properties' improvements. However, it is premature for the court to consider these documents in a vacuum, in the context of a pre-trial motion, since Plaintiff would be deprived of presenting his case-in-chief at trial, along with testimonial evidence and any other supporting documentation. Only after the court has heard the entirety of Plaintiff's case will it be in a position to consider all the evidence and to accord Plaintiff all legitimate favorable inferences arising from such evidence. For this reason, the Borough's cross-motion to dismiss is denied without prejudice. The Borough may renew its motion following Plaintiff's case-in-chief, pursuant to R. 4:37-2(b).

B.   Motion to Suppress Proofs

In his motion, Plaintiff seeks to suppress BMW's appraisal reports for the Subject Properties as inadmissible net opinions. Plaintiff also asserts that the data used by BMW's appraiser is flawed and, thus, the reports should be barred. Plaintiff's arguments are premature and its motion to suppress BMW's proofs is denied without prejudice.

Current N.J. Rules of Evidence address the role of experts in the courts. N.J.R.E. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

[Ibid.]

BMW's appraiser prepared a separate appraisal report for each property and each report includes sections concerning: the subject property, a summary of salient facts, scope of work, regional and neighborhood overviews, site description, improvements description, capital






improvements, property assessment and tax analysis, market analysis, highest and best use, and the valuation process. In determining the valuation for each property, the appraiser utilized the sales comparison approach and income capitalization approach and explained his reasons for not utilizing the cost approach. Finally, the appraiser performed a reconciliation to reach a final value.

"New Jersey courts have held, consistent with established appraisal principles, that property can be valued according to three valuation methods: comparable sales, capitalization of income and … cost." 43 New Jersey Practice, State and Local Taxation, 7.2 at 101 (David E. Crabtree)(2nd ed. 2007); 90 Riverdale, LLC v. Borough of Riverdale, 27 N.J. Tax 328, 336-337 (Tax 2013). Plaintiff does not challenge, at this time, the appraiser's credentials or the use of the comparable sales or income capitalization methodology. Thus, the court finds that on its face the appraisal reports do not constitute a net opinion, however, the court will hear the testimony to determine whether the expert's conclusions are adequately supported by the facts.

Plaintiff also asserts that the appraiser erred in his selection of properties, i.e., data, used in his analysis. Specifically, Plaintiff asserts that the appraiser erred: (1) in comparing Building 150, Building 250 and the maintenance garage with industrial properties, since industrial use is not permitted in Office Research zoning; (2) in comparing Building 200 and Building 300 with other office buildings not zoned for research; and (3) failing to value a hydrogen fueling station and above-ground tanks, a parking structure and 600,000 sq ft of expansion rights.

Plaintiff is correct in that "an expert's opinion is only as good as the data upon which the expert relied." Greenblatt v. City of Englewood, 26 N.J. Tax 41, 54-55 (Tax 2010). An appraisal report, however, is not barred simply because the appraiser's underlying data is contested:

> That the reliability of evidence does not have to be infallible in order to be admissible is a recognition of the role of the court as a gatekeeper rather than as a fact-finder. The gatekeeper need only determine that the expert testimony <u>may</u> be






of assistance to the fact-finder; the fact-finder <u>must</u> determine whether the evidence is sufficient to support an opinion on an ultimate issue.

[Biunno, Weissbard & Zegas, <u>Current N.J. Rules of Evidence</u>, comment 4.2 on N.J.R.E. 702 (2024).]

BMW asserts and the court agrees that Plaintiff's motion to strike is premature.[6] At trial, the court will consider the evidence and the testimony. At that time, the appraiser will have an opportunity to explain the basis for selecting his comparables and to rebut any allegations of error or omission. Moreover, Plaintiff will have the opportunity to cross-examine BMW's appraiser and challenge the facts, methodology and rationale underlying his opinion. N.J.R.E. 705. Ultimately, the appraiser's knowledge, opinion and report <u>may</u> be of assistance to the court as fact-finder.

If the court finds the appraiser's testimony admissible, it will then weigh the testimony depending on the facts and reasoning that form the opinion. <u>VBV Realty, LLC v. Scotch Plains Township</u>, 29 N.J. Tax 548, 572 (Tax 2017). Even if admissible, the court is under no obligation to accept an expert's opinion. For these reasons, Plaintiff's motion to strike BMW's expert report is denied as premature.

C.   <u>Motion to Amend Complaints</u>

On April 30, 2024, Plaintiff petitioned this court to amend its complaints for tax years 2015 through 2020, to add a new claim to contest an automatic fire suppression system exemption on the Subject Properties under N.J.S.A. 54:4-3.131. Plaintiff also seeks to reopen discovery to investigate the issue. In response, BMW maintains that Plaintiff's complaint only contested the

---

[6] Generally, a trial court should not rule on the admissibility of evidence until it is offered at trial. <u>State v. Cary</u>, 49 N.J. 343, 352 (1967). "This is because the context and atmosphere of the trial will normally assist the judge in making the proper ruling most expeditiously." <u>Current N.J. Rules of Evidence</u>, comment 4 on N.J.R.E. 104.






valuation of the Subject Properties and that it is too late to add new claims. The court finds that Plaintiff's original pleadings failed to contest the fire suppression system exemption and it is too late to amend the pleadings after so many years.

Rule 8:3-8 governs requests to amend pleadings in the Tax Court. The Rule provides in part:

> A party may, upon notice to all parties and proof of notice, amend pleadings at any time prior to the completion of the pretrial conference or, if there is no pretrial conference, at any time prior to the receipt of notice of the first date fixed for trial. . . . Amendment of the pleadings may be made thereafter only by motion for good cause shown.
>
> [R. 8:3-8(a)]

Rule 8:3-8 also addresses when an amended pleading relates back to the date of the original pleading: "Amendments to pleadings in local property tax cases relate back to the date of the original pleading provided that no party is significantly prejudiced by said amendment." R. 8:3-8(c)(1).

A motion for leave to amend a pleading is liberally granted in the early stages of Tax Court litigation. Prime Accounting Dep't v. Township of Carney's Point, 212 N.J. 493, 510 (2013). However, a complaint may not be amended to add a new time-barred cause of action. Pressler & Verniero, Current N.J. Court Rules, comment 8.1 on R. 8:3-8 (2024); see also Hackensack Water Co. v. North Bergen Tp., 8 N.J. Super. 139, 142 (App. Div. 1950) ("an amendment setting up a new cause of action should not be permitted after the time has expired for bringing the suit").

Automatic fire suppression systems are exempt from local property tax. N.J.S.A. 54:4-3.131. "An automatic fire suppression system installed . . . in a residential, commercial, or industrial building and certified by the enforcing agency as an automatic fire suppression system






shall be exempt from taxation." Ibid.  The exemption is equal to the assessed valuation of the real property with the automatic fire suppression system included less the assessed valuation of the real property without the automatic fire suppression system.  N.J.S.A. 54:4-3.136.  The exemption shall commence in the tax year following the year in which certification has been granted.  N.J.S.A. 54:4-1.33.  The law provides appeal rights:

> (a) A person aggrieved by an action of the enforcing agency may seek review before the board of appeals.
>
> (b) A person aggrieved by an action of the Director of the Division of Taxation may seek a review before the Director of the Division of Taxation pursuant to the "Administrative Procedure Act," P.L. 1968, c. 410 (C. 52:14B-1 et seq).
>
> (c) A person aggrieved by an action of the assessor may appeal to the county board of taxation of the tax court, as appropriate.
>
> [N.J.S.A. 54:4-3.135].

The law is silent as to the statute of limitations for bringing forth an action in the Tax Court under N.J.S.A. 54:4-3.135(c).  However, direct appeals to the Tax Court generally must be filed on or before April 1st of the tax year or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later.  N.J.S.A. 54:3-21; R. 8:4-1(a)(4).  In the absence of a separate legislative deadline, this court concludes that a claim under the automatic fire suppression system exemption statute to the Tax Court must be filed within the timelines established under N.J.S.A. 54:3-21.

The original complaints, filed by Plaintiff's former attorney, only pled a valuation claim, asserting that the Subject Properties were undervalued.  The original complaints do not directly or indirectly challenge any exemption.  After many years of litigation, Plaintiff now seeks to amend the complaints in order to challenge the automatic fire suppression system exemption on the






Subject Properties. But, this court has already opined that a new valuation claim does not relate back to an originally filed exemption claim. Univ. Cottage Club of Princeton v. Princeton Borough, 26 N.J. Tax 185 (Tax 2011). Although the underlying facts differ, the court's legal analysis in University Cottage Club is sound and applies equally to the situation here: a new exemption claim does not relate back to the originally filed valuation claim.

In University Cottage Club, plaintiff non-profit eating club filed a complaint in Tax Court seeking a property tax exemption for tax years 2002 through 2004 as a historic site, pursuant to N.J.S.A. 54:4-3.52 to -3.54. Id. at 186-87. After it was decided in separate litigation that plaintiff was ineligible for the exemption, plaintiff sought to challenge the valuation of the property and the borough responded by filing a motion to dismiss the complaints for failing to plead a valuation claim. Id. at 187.

In the court's well-reasoned decision, Judge Menyuk concluded that plaintiff could not amend the complaints to add the time-barred claim, because a claim of valuation is "distinctly different" than a claim for exemption. Id. at 189. The court explained:

> The elements of proof are wholly different. A claim of over-assessment [or under-assessment] involves proofs of the price that a willing buyer would pay a willing seller for the property on the valuation date . . . . An exemption claim requires proof that all of the requirements of the particular statute permitting exemption have been met.
>
> [Id. at 190].

The statutory deadline for filing a complaint is jurisdictional and may not be relaxed by the Tax Court. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 425 (1985); Prospect Hill Apts. v. Borough of Flemington, 1 N.J. Tax 224, 227 (Tax 1979). For these reasons, Plaintiff's motion to amend the complaints to add a time-barred exemption challenge is denied.

   

D.   Other Matters

Plaintiff informally raises two additional issues in his papers and at oral argument that are not addressed in his April 30, 2024, notice of motion.  Plaintiff asserts that the Borough's law firm should be disqualified from the cases pursuant to N.J. Rules of Professional Conduct, RPC 1.7. In addition, Plaintiff asserts that he was denied participation in a mandatory settlement conference under R. 8:6-8.  For the sake of completeness and judicial efficiency, the court will address these points.

Plaintiff asserts that the Borough's law firm is engaged in a conflict of interest by representing the Borough in Plaintiff's third-party actions, BMW's direct appeals and prior litigation.   Under RPC 1.7, an attorney for a public entity cannot represent a client if the representation involves a "concurrent conflict of interest."  Ibid.  Such a conflict exists if: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer."  Ibid. (emphasis added).  Simply stated, under RPC 1.7, an attorney cannot serve two masters.  Pascale v. Pascale, 113 N.J. 20, 35 (1998).

When considering a motion to disqualify counsel, the trial court must engage in a "painstaking analysis of the facts."  Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 205 (1988).  The court must balance the competing interests, weighing the "need to maintain the highest standards of the legal profession' against 'a client's right freely to choose his counsel."  Id.






The court is unable to identify any conflict of interest concerning the Borough's law firm.[7] During oral argument, the court gave Plaintiff every opportunity to articulate the alleged conflict of interest. However, the mere fact that counsel has and continues to represent the Borough in multiple local property tax appeals does not in-of-itself create a conflict. The Borough has selected its attorneys and the court will not disturb that decision without more.

Finally, Plaintiff asserts that the parties failed to participate in a mandatory settlement conference, pursuant to R. 8:6-8. In response, the Borough's attorney stated that he has billing records confirming that he met with Plaintiff's former attorney. Additional fact-finding is not warranted here.

Based on the July 8, 2020, Case Management Plan for the 2020 complaint, a mandatory settlement conference amongst the parties was to be held by March 2021. Regardless of whether the parties actually met at that time for settlement purposes, four years have since passed and the parties may benefit from revisiting their settlement positions prior to trial. For these reasons, the court will order the parties to participate in a mandatory in-court settlement conference on or before Friday, May 16, 2025.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion: (1) to suppress BMW's proofs, including but not limited to any expert reports, and (2) to amend complaints for tax years 2015 through 2020, is denied; the Borough's cross-motion to dismiss the complaint for failure to state a claim is denied;

---

[7] The court has considered Plaintiff's July 15, 2024 and September 10, 2024, correspondence, and rejects Plaintiff's claim that the Borough's law firm engaged in a conflict of interest by failing to take certain actions in connection with the current and prior litigation, including but not limited to, engaging in mandatory settlement conferences with Plaintiff. None of the allegations if true would constitute a violation of RPC 1.7.






and Plaintiff's petition to disqualify the Borough's law firm is denied. The parties are to participate

in a mandatory in-court settlement conference on or before Friday, May 16, 2025.


        *Michael J. Duffy*
        Hon. Michael J. Duffy, J.T.C.




